TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

Mickey Ray BUTLER, Appellee.

No. 14–97–00450–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 15, 1998.

Stacey Suzette Zipp, Houston, for appellant.

Joseph Hunter, Alvin, for appellee.

Before MURPHY, C.J., and HUDSON and FOWLER, JJ.

## OPINION

HUDSON, Justice.

Mickey Ray Butler's driver's license was revoked following an administrative hearing pursuant to the provisions set out in section 524.035 of the Texas Transportation Code. Mickey Ray Butler ("Butler") appealed the decision to the County Court at Law No. 1 in Brazoria County, which granted Butler's Petition to Set Aside Order of Suspension. The Texas Department of Public Transportation (the "Department") challenges that judgment in this appeal.

## FACTUAL AND PROCEDURAL HISTORY

On October 27, 1996, at approximately 1:10 a.m., after observing a 1995 Chevrolet pickup truck drive through a red light, Officer Chad Fontenot of the Alvin Police Department activated his overhead lights to initiate a traffic stop. The vehicle made a left turn onto another street and Officer Fontenot testified that it was weaving slightly. The vehicle continued down the street and made another left turn before coming to a stop. The driver was identified by his Texas driver's license as Mickey Ray Butler.

Upon making contact, Officer Fontenot said he detected the odor of an alcoholic beverage. He also claimed Butler's eyes were unfocused and bloodshot and Butler was incoherent and displayed poor balance. When asked, Butler said he was coming from "the Hourglass," which is a bar in Alvin, and admitted to drinking two beers.

Officer Fontenot asked Butler to complete several field sobriety tests and Butler consented. During these tests, Butler exhibited several indications of intoxication, such as inability to touch his index finger to his nose, inability to walk a straight line, and an inability to count backwards. Moreover, Butler exhibited nystagmus [1] in both eyes. Butler was arrested for suspicion of driving while intoxicated and transported to the Alvin Police Department where he was given his DWI statutory warnings—both orally and in writing. *See* TEX. TRANSP. CODE ANN. § 724.015(3) (Vernon Pamph.1998). When Officer Fontenot asked Butler to submit to a breath test, Butler refused as evidenced by his signature on the DWI Statutory Warning.

Butler requested an administrative hearing on the merits pursuant to Texas Transportation Code Chapter 724. The hearing was held on December 5, 1996. Officer Fontenot was present, via telephone, and was called as a witness. The Department introduced documentary evidence consisting of the Statutory Warning, the Probable Cause Affidavit, and the Notice of Suspension. Each document was offered as certified copies of public records on file with the Department. Butler objected to each of the items on the basis of hearsay and improper authentication.

Butler further objected to the admission of the Statutory Warning as being contrary to the statutory requirements of chapter 49 of the Texas Penal Code and section 724.015(3) of the Texas Transportation Code. Specifically, Butler objected to the portion of the warning which states "if you give the specimen and analysis shows that you have an alcohol concentration of 0.10 or more, your license, permit or privilege to operate a motor vehicle will be suspended or denied for at least sixty (60) days, whether or not you are prosecuted for this offense." Butler argued the warning should state that the alcohol concentration must be 0.10 or more "at the time of driving," not at the time of taking the test. The Administrative Law Judge overruled Butler's objections and admitted the evidence. The judge found the Department met its burden of proof on all issues and affirmed the suspension of Butler's driver's license. Butler filed a timely appeal to the County Court at Law No. 1, which reversed

---

1. Nystagmus is a typical side effect of intoxication and is characterized by the quick, jerky movements of the eyeball.

the decision of the Administrative Law Judge. It is from this decision that the Department appeals.

## THE ISSUE

█ The only issue in this appeal is whether the statutory warning given to Butler met the requirements of Texas Transportation Code section 724.015(3). In a single point of error, the Department contends the warning given Butler was legally sufficient to meet the requirements of section 724.015(3). Butler contends the warning was insufficient to meet the requirements of section 724.015(3) because it did not state there must be a 0.10 alcohol concentration "at the time of driving." Because we hold the warning given Butler was sufficient, we reverse the decision of the County Court at Law No. 1.

Texas Transportation Code section 724.015(3) requires an officer to inform a person who has been arrested for drunken driving that:

> if the person submits to the taking of a specimen designated by the officer and an analysis of the specimen shows the person had an alcohol concentration of a level specified by Chapter 49, Penal Code, the person's license to operate a motor vehicle will be automatically suspended for not less that 60 days, whether or not the person is subsequently prosecuted as a result of the arrest.

TEX. TRANS. CODE ANN. § 724.015(3) (Vernon Pamph.1998).

█ When a statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from the statute. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991); *Coit v. State,* 808 S.W.2d 473, 475 (Tex.Crim.App.1991). Only if the plain language of the statute would lead to absurd results, is it constitutionally permissible for a court to consider extra textual factors. *Boykin,* 818 S.W.2d at 785.

The only way in which the warning given Butler varies from the warning in section 724.015(3) is the statute states "an alcohol concentration of a level specified by Chapter 49, Penal Code," and the warning given But-

ler states "an alcohol concentration of 0.10 or more." The alcohol concentration level specified by chapter 49 of the Texas Penal Code is 0.10 or more. *See* TEX. PENAL CODE ANN. § 49.01(2)(B) (Vernon 1994). Butler, however, does not complain about the alcohol concentration specified in chapter 49 of the Texas Penal Code. Instead, Butler contends that to satisfy the requirements of section 724.015(3), the warning must focus upon the alcohol concentration "at the time of driving." The Legislature, however, did not include this requirement in the statute. Section 724.015(3) is clear and unambiguous, and thus, it is not for this court to add to the statute. *See Boykin,* 818 S.W.2d at 785.

The statutory warning provided by section 724.015(3), entitled "Information Provided by Officer Before Requesting Specimen," provides consequences for refusing to submit to the taking of a specimen; it does not address the consequences of driving while intoxicated. *See* TEX TRANS. CODE ANN. § 724.015(3). Butler's license was suspended because he refused to allow the taking of a specimen, not because he was *driving* while intoxicated. Thus, the statute should not, and does not, contain the wording "at the time of driving" because it does not pertain to whether the arrestee was driving while intoxicated.

Moreover, the phrase "at the time of driving" is not included in the statutory warning because a breath test can never determine the arrestee's alcohol concentration at the time of the offense. *See Owen v. State,* 905 S.W.2d 434, 439 (Tex.App.—Waco 1995, pet. ref'd) ("no regulatory scheme establishing policies and procedures for the use of machines for breath testing could assure that the time of the tests would coincide with the time of the offense being investigated"). Indeed, some delay is built into the process. *Id.* There is nothing to prevent a defendant from arguing, however, that his alcohol concentration increased from the time of arrest to the time of testing. *Id.*

Accordingly, we hold the warning given to Butler is legally sufficient to meet the requirements of Texas Transportation Code section 724.015(3). We reverse the judgment of the County Court at Law No. 1 and rein-

state the order of suspension imposed by the administrative judge.