**BRENHAM HOUSING AUTHORITY,**
Appellant,

v.

**Margaret DAVIES, Appellee.**

No. 14–04–00286–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 27, 2005.

Rehearing Overruled March 24, 2005.

54

William S. Helfand, David E. Jenkins, Kevin D. Jewell, Steven Jon Knight, Houston, for appellant.

Jeffrey G. Tinkham, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices ANDERSON and SEYMORE.

## OPINION

CHARLES W. SEYMORE, Justice.

In this interlocutory appeal, appellant, the Housing Authority of the City of Brenham, Texas, a/k/a/ Brenham Housing Authority ("BHA") appeals from the denial of its plea to the jurisdiction. BHA contends that the trial court erred in denying its plea to the jurisdiction on the grounds that (1) the Texas Tort Claims Act does not waive immunity from Davies's premises defect claim, (2) the Texas Tort Claims Act does not waive immunity from Davies's breach of contract and breach of warranty of habitability claims, and (3) the Texas Tort Claims Act does not waive immunity from Davies's strict products liability claim. We will not consider whether the trial court has jurisdiction over Davies's breach of contract, breach of warranty of habitability, and strict products liability claims because they were not addressed in BHA's plea to the jurisdiction. However, we reverse and render judgment granting BHA's plea to the jurisdiction as to Davies's premises defect claim.[1]

---

1. Davies alleged a number of different acts of negligence. However, her injuries resulted from a defective condition of the hot water heater, which is an appurtenance to the

## I. BACKGROUND

In March 1997, Margaret Davies became a tenant of Northside Terrace Apartments ("Northside Apartments") located in Brenham, Texas, and she resided there until November 1999. She again became a tenant in January 2000 and lived there until February 2003. Northside Apartments is owned by Northside Terrace, Ltd. and managed by BHA.

Davies alleges that during her tenancy at Northside Apartments, she began experiencing various physical and mental ailments. She contends that she did not know the cause of these problems until January 2003, when the City of Brenham Gas Department inspected her hot water heater and discovered that it was emitting carbon monoxide fumes into her apartment. A report signed by the gas inspector indicates that the vent pipe was not properly connected to the top of the hot water heater, and this defect allowed carbon monoxide fumes to escape into the apartment. The hot water heater was removed and a new one installed. Davies alleges that shortly after the replacement of the hot water heater, she was diagnosed with Chronic Carbon Monoxide Poisoning.

Davies subsequently filed suit against BHA as well as Northside Terrace, Ltd., NHB Development Corp., State Industries, Inc., and Unknown Defendants 1–25 on theories of negligence, breach of warranty of habitability, breach of contract, and strict products liability. BHA filed a plea to the jurisdiction, asserting that immunity had not been waived under the Texas Tort Claims Act as to the premises defect claim. The trial court entered an order denying the plea to the jurisdiction, and BHA filed this interlocutory appeal.

See TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2004–05).

## II. STANDARD OF REVIEW

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of the cause of action. *Texas Parks & Wildlife Dep't. v. Garrett Place, Inc.*, 972 S.W.2d 140, 142 (Tex.App.-Dallas 1998, no pet.). Because subject matter jurisdiction presents a question of law, we review the trial court's decision *de novo*. *Rylander v. Caldwell*, 23 S.W.3d 132, 135 (Tex.App.-Austin 2000, no pet.). In deciding a plea to the jurisdiction, we may not weigh the merits of the claim, but must consider only the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry. *Texas Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex.2001); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554–55 (Tex.2000). When we consider a trial court's order on a plea to the jurisdiction, we construe the pleadings in the plaintiff's favor and look to the pleader's intent. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). In order to prevail, the party asserting the plea must show that, even if all the allegations in the plaintiff's pleadings are taken as true, there is an incurable jurisdictional defect apparent from the face of the pleadings, rendering it impossible for the plaintiff's petition to confer jurisdiction on the trial court. *Rylander*, 23 S.W.3d at 135.

## III. PLEA TO THE JURISDICTION

The State, its agencies, and its subdivisions generally enjoy immunity from suit unless immunity has been waived by the Texas Tort Claims Act. *See Dallas County Mental Health & Retardation v.*

apartment itself. Therefore, her allegations of negligence are properly characterized as a premises defect claim. *See University of Tex-* as *Med. Branch v. Davidson*, 882 S.W.2d 83, 85–86 (Tex.App.-Houston [14th Dist.] 1994, no writ).

*Bossley,* 968 S.W.2d 339, 341 (Tex.1998). Unless immunity is waived, the trial court lacks jurisdiction and is without authority to decide the case. *See Texas Ass'n of Bus.,* 852 S.W.2d at 443 (holding that subject matter jurisdiction is essential to a court's authority to decide a case).

In this case, BHA is an agency of the State that generally enjoys immunity from suit. *See* TEX. LOC. GOV'T CODE ANN. 392.006 (Vernon 1999).[2] Accordingly, it was Davies's burden to plead facts which, taken as true, would invoke the trial court's jurisdiction.

### A. TRIAL COURT'S JURISDICTION OVER DAVIES'S PREMISES DEFECT CLAIM

#### 1. Duty of Care

In its first issue, BHA contends that the Texas Tort Claims Act limits its duty of care to Davies to the duty that a private landowner owes to a licensee. BHA contends the trial court erred in denying its plea to the jurisdiction with respect to Davies's premises defect claim because Davies failed to plead or prove facts under which BHA would be liable to a licensee. Conversely, Davies contends she should be accorded the status of an invitee under the Texas Tort Claims Act because she paid rent to BHA. BHA's argument as to its duty of care is centered on a construction of Sections 101.021(2) and 101.022(a) of the Texas Tort Claims Act. Section 101.021(2) of the Texas Tort Claims Act waives immunity for personal injuries caused by a condition of real property "if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 1997). Howev-

er, with respect to ordinary premises defects, Section 101.022(a) limits a governmental unit's duty of care to the duty that a private person owes to a licensee, unless the claimant "pays for use of the premises." TEX. CIV. PRAC. & REM.CODE ANN. § 101.022(a) (Vernon 1997).

██ A licensee is required to plead and prove the following: (1) the owner had actual knowledge of the defective condition; (2) the licensee had no knowledge of the defective condition; (3) the owner failed to exercise ordinary care to protect the licensee from danger; and (4) such failure was a proximate cause of injury to the licensee. *State Dep't of Highway & Pub. Transp. v. Payne,* 838 S.W.2d 235, 237 (Tex.1992). Thus, a licensee must show that the landowner had actual knowledge of the defective condition. *Id.* In the present case, Davies does not allege that BHA had actual knowledge of the purported defect in the water heater. Therefore, BHA argues that under the licensee standard, immunity is not waived because BHA would not be liable to Davies if it were a private person. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(b) (providing that immunity is waived to the extent that a private person would be liable to the claimant according to Texas law).

██ BHA argues that Davies's payment of rent does not constitute the type of payment "for use of the premises" contemplated by Section 101.022(a). BHA thus contends that Section 101.022(a) limits BHA's duty of care to the duty that a private person owes to a licensee. To support its position, BHA argues that the phrase "pays for use of the premises" in Section 101.022(a) means payment for

---

**2.** While the terms "sovereign immunity" and "governmental immunity" are often used synonymously, there is a distinction. Sovereign immunity refers to the State's immunity from suit and liability, and it protects the State and

its divisions. *Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 694 n. 3 (Tex.2003). Governmental immunity protects political subdivisions of the State, including counties, cities, and schools. *Id.*

mere *temporary* use of a facility as opposed to payment for exclusive occupancy and control of an apartment. However, BHA cites no authority limiting Section 101.022(a) to payment for temporary use of a premises. BHA's argument cannot overcome the plain language of the statute. We must give effect to a statute's common meaning. TEX. GOV'T CODE ANN. § 311.011 (Vernon 1998). We may not add or subtract from the statutory language. *Texas Dep't of Public Safety v. Butler,* 960 S.W.2d 375, 377 (Tex.App.-Houston [14th Dist.] 1998, no pet.). Rather, we must take a statute as we find it and must interpret it as the words in their plain sense fairly sanction and will clearly sustain. *St. Luke's Episcopal Hosp. v. Agbor,* 952 S.W.2d 503, 505 (Tex.1997).

In Section 101.022(a), there is no qualification on the nature of use of a premises by a claimant, nor any limitation on the duration of such use. Had the legislature intended to qualify Section 101.022(a) to a payment for use of temporary duration, it could have done so. Under the plain language of the statute, by remitting money in consideration for occupancy of the apartment, Davies paid for use of the premises. Accordingly, Section 101.022(a) does not limit BHA to the licensee standard of care. However, payment for use does not automatically confer the invitee standard asserted by Davies.

An invitee must plead and prove the following: (1) a condition of the premises posed an unreasonable risk of harm to her; (2) the owner knew or reasonably should have known of the defective condition; (3) the owner failed to exercise ordinary care to protect the invitee from danger; and (4) such failure was a proximate cause of the injury to the invitee. *Payne,* 838 S.W.2d at 237. Under this standard, the invitee must only show that the landowner knew or reasonably should have known of the defective condition. *Id.* In her live petition, Davies alleges that BHA reasonably should have known of the purported defect in the hot water heater. Thus, Davies contends (taking her pleadings as true) that under an invitee standard, BHA would be liable to her if it were a private person; therefore, her pleadings are sufficient to support waiver of BHA's immunity. Accordingly, she contends the trial court has jurisdiction.

As authority, Davies cites *Thompson v. City of Corsicana Housing Authority,* 57 S.W.3d 547 (Tex.App.-Waco 2001, no pet.). In *Thompson,* the plaintiff paid the Corsicana Housing Authority $25 per month in rent. *Id.* at 553. The plaintiff and an acquaintance were injured when the roof of the apartment collapsed while they were sitting in the apartment. *Id.* at 550. The court concluded that because the plaintiff paid the housing authority monthly rent for occupancy of the apartment, she was entitled to the status of an invitee. *Id.* at 553. In reaching this conclusion, the *Thompson* court cited several cases holding that a claimant who pays for use of the premises is under a duty of care owed to an invitee. *See id.* (citing *Texas Parks & Wildlife Dep't. v. Davis,* 988 S.W.2d 370, 374 (Tex.App.-Austin 1999, no pet.); *University of Tex. Med. Branch v. Davidson,* 882 S.W.2d 83, 85 (Tex.App.-Houston [14th Dist.] 1994, no writ); *M.D. Anderson Hosp. & Tumor Inst. v. Felter,* 837 S.W.2d 245, 247 (Tex.App.-Houston [1st Dist.] 1992, no writ)). However, we find that the cases relied upon by the court in *Thompson* are not controlling in the landlord-tenant context.

In each of the cases relied upon by the *Thompson* court, the claimant was deemed to be an invitee because he paid a fee for entry onto a premises controlled by the government. However, in the instant case, Davies's right to enter and remain

on the premises was not derived from permission granted or an invitation extended by the housing authority. Rather, Davies's right of possession is derived from a lease, giving her the legal status of a tenant. *See, generally, Kukis v. Newman,* 123 S.W.3d 636, 639 (Tex.App.-Houston [14th Dist.] 2003, no pet.) (distinguishing between owner/invitee and lessor/lessee relationships). The duty of care that a landowner owes to a tenant for dangerous conditions inside of the leased premises is different from the duty of care that a landowner owes to an invitee, notwithstanding the tenant's payment for use of the leased premises. *See Johnson Co. Sheriff's Posse v. Endsley,* 926 S.W.2d 284, 285 (Tex.1996) (holding that lessor generally has no duty to tenant for dangerous conditions on the leased premises); *Montelongo v. Goodall,* 788 S.W.2d 717, 718 (Tex.App.-Austin 1990, no writ) (same).

 In addition to the distinction in the case law cited above, we also examine the purpose of the Texas Torts Claims Act. In *Davidson,* this court recognized that Section 101.022(a) generally "limits the State's liability for premises defects under Section 101.021 by imposing upon the State the same duty of care a private landowner owes a licensee." 882 S.W.2d at 84. Section 101.022(a) is not intended to impose a new duty upon the State. *See, generally, City of Denton v. Page,* 701 S.W.2d 831, 834 (Tex.1986) (finding that the Act does not create new duties; it simply waives immunity under circumstances in which a private person would be liable).

Interpreting Section 101.022(a) to mean that a housing authority that owns or operates an apartment complex owes the invitee duty of care to every tenant who pays rent would expose housing authorities to greater liability than private landowners under Texas law. Section 101.022(a) would no longer be a limitation on the State's duty of care, rather it would impose a new duty upon the State. While private landowners owe a very limited duty to their tenants for dangerous conditions inside the leased premises, housing authorities would, under the theory urged by Davies, owe the invitee duty of care to every tenant who pays rent. This theory contravenes the Legislature's clear directive in Section 101.021(2) that immunity is waived only to the extent that a private person would be liable to the claimant under Texas law. Accordingly, we do not construe Section 101.022(a) to mean that BHA owed Davies the invitee duty of care simply because she paid rent.

Thus, while the parties focus their analysis on whether Davies is a licensee or an invitee, we find that neither is the proper standard under the facts of this case. If BHA owed a duty to Davies, it arose out of her status as a tenant at Northside Apartments.

### 2. Duty of Care Applicable to Facts

 BHA is not the owner or occupier of Northside Apartments, but is the agent of the owner, Northside Terraces, Ltd., who is the lessor. Generally, the lessor transfers possession and control of the leased premises to the tenant, and therefore, owes no duty to the tenant for dangerous conditions on the leased premises. *Endsley,* 926 S.W.2d at 285; *Prestwood v. Taylor,* 728 S.W.2d 455, 460 (Tex. App.-Austin 1987, writ ref'd n.r.e.). However, Davies asserts that in this case, BHA maintained control over her apartment by virtue of a contractual duty to maintain and repair the leased premises. A lessor who retains control over a portion of the leased premises is charged with the duty of ordinary care in maintaining the portion retained so as not to harm the tenant. *Parker v. Highland Park, Inc.,* 565 S.W.2d 512, 515 (Tex.1978); *Brown v. Frontier*

*Theatres, Inc.,* 369 S.W.2d 299, 303 (Tex. 1963). However, a lessor's contractual right to enter the premises to make repairs and alterations is not a reservation of control over a part of the premises. *Shell Oil Co. v. Khan,* 138 S.W.3d 288, 295–97 (Tex.2004); *De Leon v. Creely,* 972 S.W.2d 808 812–13 (Tex.App.-Corpus Christi 1998, no pet.).

■■■ To support her position that BHA had control over her apartment, Davies relies upon a provision in the Management Agreement between BHA and Northside Terrace, Ltd. The relevant provision of the Management Agreement required BHA to "cause the project to be maintained and repaired in accordance with the Management Plan and Local codes, and in a condition at all times acceptable to [Northside Terrace, Ltd.]." We do not construe this provision as a reservation of control over Davies's apartment unit so as to subject BHA to liability under a premises defect theory. This provision supports the contention that BHA has a contractual obligation to maintain the apartment complex on behalf of Northside Terrace, Ltd. However, this provision does not establish BHA's control over the inside of Davies's apartment beyond a right to enter and make repairs.

■■■ We note that Davies does not allege that the lease contract between Davies and BHA imposed a duty upon BHA to inspect the inside of Davies's apartment. However, even assuming that the lease contract imposed such a duty upon BHA,

we find that the lease contract cannot serve as a basis to impose liability upon BHA. Section 392.006 of the Local Government Code provides that a housing authority is subject to "all landlord obligations and tenant remedies, *other than a suit for personal injuries,* as set forth in any lease or rental agreement and in Chapters 24, 54, 91, and 92 of the Property Code." Tex. Loc. Gov't Code Ann. § 392.006 (emphasis added). While Section 392.006 is not a model of clarity, it appears to limit a housing authority's waiver of immunity from personal injury suits for any obligation arising under a lease agreement. Because Davies's suit is for personal injuries, we conclude that the legislature has not waived BHA's immunity from suit for any obligations BHA may have had under the lease agreement.[3] Accordingly, we hold Section 392.006 protects BHA from liability for Davies's personal injury claim.

Accordingly, we sustain BHA's first issue, and find that Davies's pleadings fail to establish that BHA's immunity is waived with respect to Davies's premises defect claim.[4]

## C. Trial Court's Jurisdiction Over Davies's Other Claims

In its third and fourth issues, BHA argues for the first time on appeal that the trial court also lacked jurisdiction over Davies's breach of contract, breach of warranty of habitability, and strict products liability claims. However, BHA's argument in its plea to the jurisdiction was

---

**3.** In *Thompson v. City of Corsicana Housing Authority,* the court was faced with a similar issue. In that case, the tenant sought to impose liability upon the housing authority based upon a lease provision requiring the housing authority to keep the premises in a condition safe for habitation. 57 S.W.3d at 588. Relying on Section 392.006, the court concluded that because the tenant sought only personal injury damages, the housing authori-

ty could not be held liable for violation of the lease provision. *Id.* at 558–59. In *Thompson,* the tenant framed her complaint as a breach of contract claim, as opposed to a premises defect claim. *Id.*

**4.** Because we resolve this issue in favor of BHA, we need not address BHA's second issue.

based solely on its contention that governmental immunity barred Davies's premises defect claim.

We have jurisdiction to review the trial court's interlocutory order because it "grants or denies a plea to the jurisdiction by a governmental unit as defined in Section 101.001 [of the Texas Tort Claims Act]." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8). Under Section 51.014(a)(8), our jurisdiction is limited to a review of the trial court's interlocutory order on a plea to the jurisdiction. *Id.*

 BHA, nonetheless, contends that we should consider the trial court's jurisdiction over Davies's other claims because jurisdiction cannot be waived and can be raised for the first time on appeal. *See Denton County v. Huther*, 43 S.W.3d 665, 667 n. 2 (Tex.App.-Fort Worth 2001, no pet.). We acknowledge that jurisdiction cannot be waived and can be raised for the first time on appeal. However, Section 51.014(a)(8) gives us jurisdiction over this interlocutory appeal for the limited purpose of reviewing the trial court's interlocutory order on a plea to the jurisdiction. Because our jurisdiction in this interlocutory appeal is limited to review of the trial court's order, we must confine our review to the claims addressed in the plea to the jurisdiction. *City of Dallas v. First Trade Union Sav. Bank*, 133 S.W.3d 680, 686–87 (Tex.App.-Dallas 2003, pet. filed). Accordingly, we reach no decision on whether BHA's governmental immunity is waived for Davies's breach of contract, breach of warranty of habitability, and strict products liability claims.

### IV. CONCLUSION

In sum, we will not consider whether the trial court has jurisdiction over Davies's breach of contract, breach of warranty of habitability, and strict products liability claims because they were not addressed in BHA's plea to the jurisdiction. However, we conclude that the trial court erred in denying BHA's plea to the jurisdiction as to Davies's premises defect claim. Therefore, we reverse the trial court's order and render judgment granting the plea to the jurisdiction as to Davies's premises defect claim.