COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-272-CV

 

 

DIAMOND OFFSHORE COMPANY,                                        APPELLANTS

DIAMOND
OFFSHORE MANAGEMENT 

COMPANY,
DIAMOND OFFSHORE (USA),

LLC,
AND DIAMOND OFFSHORE DRILLING

SERVICES,
INC.

 

                                                   V.

 

DONNIE HALL                                                                        APPELLEE

 

                                              ------------

 

            FROM
THE 17TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellants Diamond Offshore
Company, Diamond Offshore Management Company, Diamond Offshore (USA), LLC, and
Diamond Offshore Drilling Services, Inc., (hereinafter AAppellants@) assert
that the trial court had subject matter jurisdiction to vacate an arbitration
award and that, therefore, the trial court improperly dismissed this case for
want of jurisdiction.  We affirm.

BACKGROUND

After a mistrial, the parties
agreed to arbitrate Appellee Donnie Hall=s Jones Act claim for personal injuries.[2]  The letter memorializing the agreement to
arbitrate stated that maritime law would apply, stipulated that Appellee was a AJones Act Seaman,@ and stated that there would be no appeal of the award. The arbitrator
awarded Appellee over $2 million in damages, allocating a substantial portion
of that amount to future in‑home attendant care and mobility
assistance.  The arbitrator made specific
findings in the award with regard to liability, damages, and past and future
expenses.  Appellants paid the award, and
Appellee dismissed his suit with prejudice. 
The trial court=s final
order, signed on April 8, 2004, stated,








[The
parties] have informed the Court that the binding arbitration in this matter
has been concluded, the arbitration award entered, and said arbitration award
fully satisfied by [Appellants]; and the parties having agreed to the entry of
a Final Judgment, and it appearing to the Court that this Agreed Take Nothing
Final Judgment should be made as prayed; it is therefore ORDERED, ADJUDGED, and
DECREED that [Appellee] take nothing from [Appellants], and that this action
against them be dismissed with prejudice.

 

On February 1, 2005,
Appellants filed an original petition in Harris County, where the original
lawsuit and arbitration occurred, to vacate and recover the arbitrator=s award, alleging that they had discovered fraud in November 2004.[3]  Venue was transferred to Tarrant County on
Appellee=s motion, and he then moved to dismiss based on lack of subject matter
jurisdiction.  The trial court granted
Appellee=s motion to dismiss.

SUBJECT MATTER JURISDICTION

In their first issue,
Appellants claim that the trial court had jurisdiction to hear their suit to
vacate the arbitration award under the Texas Arbitration Act (ATAA@).[4]  Tex.
Civ. Prac. & Rem. Code Ann. '' 171.001-.098 (Vernon 2005).  








Standard Of Review

We review a trial court=s ruling on a plea to the jurisdiction under the de novo
standard of review.  See Tex. Dep=t of Parks & Wildlife v. Miranda, 133
S.W.3d 217, 226 (Tex. 2004) (stating that subject matter jurisdiction is a
question of law).  The plaintiff has the
burden to plead facts affirmatively showing that the trial court has
jurisdiction to hear the cause.  Tex.
Ass=n of Bus. v.
Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993).  A plea to the jurisdiction
should, however, be decided without weighing the merits of the plaintiff=s claims.  County of Cameron
v. Brown, 80 S.W.3d 549, 555 (Tex. 2002); Bland ISD v. Blue, 34
S.W.3d 547, 554 (Tex. 2000).  In
determining whether jurisdiction exists, we look to the allegations in the
pleadings, accept them as true, and construe them in favor of the pleader.  Tex. Ass=n of Bus., 852 S.W.2d at 446; Univ.
of N. Tex. v. Harvey, 124 S.W.3d 216, 220 (Tex. App.CFort Worth 2003, pet. denied). 
We may also consider evidence presented to the trial court to resolve
the jurisdictional dispute, and we must do so when necessary to resolve the
dispute.  Harvey, 124 S.W.3d at
220.








To prevail, the defendant must
show that, even if all the allegations in the plaintiff=s pleadings are taken as true, there is an incurable jurisdictional
defect apparent from the face of the pleadings that renders it impossible for
the plaintiff=s petition
to confer subject matter jurisdiction on the trial court.  See Brenham Hous. Auth. v. Davies, 158
S.W.3d 53, 56 (Tex. App.CHouston
[14th Dist.] 2005, no pet.).  A court
reviewing an arbitration award lacks jurisdiction to review complaints that do
not assert statutory, common law, or public policy grounds to vacate the
award.  See Crossmark, Inc. v. Hazar,
124 S.W.3d 422, 429 (Tex. App.CDallas 2004, pet. denied). 

Here, Appellants filed a
petition to vacate the arbitration award under the TAA.  See Tex.
Civ. Prac. & Rem. Code Ann. '' 171.081, 171.088.  Appellants
had the burden to plead facts which, taken as true, would invoke the trial
court=s jurisdiction.  See Brenham
Hous. Auth., 158 S.W.3d at 57. 
Appellee then had to show that there was an incurable jurisdictional defect
from the face of Appellants= TAA-based petition.  See id.
at 56.  That petition is the basis of our
review here, in addition to the following evidence submitted at the
hearing:  the letter memorializing the
terms of the agreement to arbitrate, the arbitration award, Appellee=s receipt and release, and the final judgment from the trial court in
the prior suit.  See Bland ISD, 34
S.W.3d at 554 (reviewing plea to the jurisdiction in light of evidence offered
at hearing on the plea).

Texas Arbitration Act








The TAA provides, AOn application of a party, the court shall vacate an award if the
award was obtained by corruption, fraud, or other undue means.@  Tex. Civ. Prac. & Rem. Code Ann. ' 171.088(a)(1).  The party must
make its application under subsection (a)(1) Anot later than the 90th day after the date the grounds for the
application are known or should have been known.@  Id. ' 171.088(b).  In its petition,
Appellants alleged that the award was obtained by fraud, citing specific acts
by Appellee after the award that were inconsistent with the arbitrator=s findings, and that it filed suit within ninety days of learning of
these acts.

Confirmation

Appellants claim that under
the plain language of section 171.088(b), the trial court was empowered to hear
their application to vacate the arbitrator=s award because they made their application for relief under section
171.088(a)(1) within ninety days of the date they knew or should have known of
Appellee=s alleged fraud.  Appellee
counters that for the trial court to have subject matter jurisdiction,
Appellants would have had to bring their motion to vacate, at the latest,
before the final judgment was rendered in the underlying suit.  Although the trial court did not file
findings of fact, when asked at the hearing on Appellee=s plea to the jurisdiction for the basis of its decision, the trial
court responded, AWe=ve got a final judgment.@








Appellants assert that Athe final judgment in this case did not confirm the arbitration award,@ that it was merely an agreed final take‑nothing judgment, and
that Appellee never filed a motion to confirm the award.[5]  However, upon reviewing the record, although
Appellee never filed a motion to confirm the award, we conclude that the
language used by the trial court in its final judgment was tantamount to an
order granting confirmation.

The TAA does not expressly
define Aconfirmation,@ but in
essence, confirmation is Athe act of
giving formal approval.@  Black=s Law Dictionary 318 (8th ed. 2004).  And it is a method to enforce an arbitration
award.  See Crossmark, 124 S.W.3d
at 429 n.5 (stating that under Texas common law, a party seeking to confirm an
arbitration award had to file suit and show that: (1) the parties agreed to
arbitrate a dispute; (2) the dispute was arbitrated; (3) the arbitration
resulted in an award; and (4) there was a breach or failure to comply with the
award); see also Marion Mfg. Co. v. Long, 588 F.2d 538, 542 (6th Cir.
1978) (indicating, under FAA, that a court=s judgment confirming an arbitration award must reflect what would
have happened had the parties immediately complied with the award instead of
going to court).








Here, the trial court=s final order signed April 8, 2004 stated, A[T]he arbitration award [has been] entered, and said arbitration award
fully satisfied by [Appellants]; and the parties hav[e] agreed to the entry of
a Final Judgment.@  While this order did not expressly confirm
the exact language of the arbitrator=s award, the language used was the equivalent of an order confirming
the awardCthe trial
court formally approved the agreement made between the parties, i.e., payment
of the award by Appellants in exchange for a full release by Appellee and
dismissal of his suit with prejudice, and then granted dismissal of Appellee=s underlying suit with prejudice.








With regard to Appellee=s failure to file an application for confirmation, while the TAA
specifically provides that an application is heard in the same manner and on
the same notice as a motion in a civil case, the purpose behind that provision
is to expedite judicial treatment of matters pertaining to arbitration.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 171.093; Tex. R. Civ. P.
21; Crossmark, 124 S.W.3d at 430, 436 (involving motion for summary
judgment to confirm arbitration award). 
Although applications to confirm or to vacate an arbitration award
should be decided as other motions in civil cases, i.e., on notice and an
evidentiary hearing if necessary, here, the parties bypassed this route.  Cf. Crossmark, 124 S.W.3d at 430
(holding that if a party chooses to follow summary judgment procedure rather
than the simple motion procedure authorized by the TAA, it assumes the
traditional burdens and requirements of summary judgment practice).  There was no need to hold an evidentiary
hearing on whether the award should be confirmed when Appellants had already
paid the award; and by paying the award, Appellants essentially waived the
necessity of Appellee filing an application to confirm.  Cf. id. at 429 n.5 (holding that
because Appellee filed an application to confirm under the TAA, there was no
need to discuss common law procedures for confirming or vacating arbitrator=s award).

Given that Texas law favors
arbitration, that an arbitration award has the same effect as the judgment of a
court of last resort, that all reasonable presumptions are indulged in favor of
the award, and that the award is conclusive on the parties as to all matters of
fact and law, we conclude that on the facts here, the order dismissing Appellee=s suit with prejudice constituted a confirmation as well as a final
judgment.  See Pheng Invs., Inc. v. Rodriguez,
196 S.W.3d 322, 328 (Tex. App.CFort Worth 2006, no pet.) (op. on reh=g).








With regard to Appellants= argument that they timely filed their motion seeking to set aside the
arbitration award, the reasoning in Hamm v. Millennium Income Fund, L.L.C. is
persuasive.  See 178 S.W.3d 256,
262 (Tex. App.CHouston [1st
Dist.] 2005, pet. denied), cert. denied, 127 S. Ct. 297 (2006).  The Hamm court indicated that because
the TAA requires the trial court to confirm an arbitration award unless Agrounds are offered for vacating, modifying, or correcting an award,@ confirmation effectively becomes the default result unless a
challenge to the award has been or is being considered.  Id.; see also Tex. Civ. Prac. & Rem. Code Ann. ' 171.087.  The Hamm court
reasoned that this statutory scheme tended to imply a due order of
consideration:  that any motions to
vacate, to modify, or to correct the award must be pending before the court for
its consideration, or must already have been ruled on, when the court considers
the motion to confirm.  Hamm, 178
S.W.3d at 262.  A judgment confirming an
arbitration award is a final judgment.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 171.092(a) (stating that on granting an order that confirms an award,
the court shall enter a judgment conforming to that order and that judgment may
be enforced in the same manner as any other); Hamm, 178 S.W.3d at 263.








Appellants alleged fraud
under section 171.088(a)(1) and analogize their circumstances to Nelson v.
Krusen, 678 S.W.2d 918 (Tex. 1984) (op. on reh=g), arguing that they could not have known about the alleged fraud
during the arbitration proceedings, so the trial court should have jurisdiction
to consider vacating the award here. 
Appellants argue that Appellee represented to the arbitrator that he was
totally disabled but that the surveillance photographs attached to Appellants= petition to vacate Aestablish that the arbitrator=s conclusions that [Appellee] requires in‑home attendant care
and is unable to drive are erroneous.@  Appellants complain,
therefore, that to dismiss their petition to vacate would allow Aone who successfully defrauds an arbitration panel . . . to retain his
ill‑gotten booty because the award was paid,@ and urges this court to consider section 171.088 as adopting a Adiscovery rule@ for
bringing a motion to vacate an arbitration award obtained by fraudulent means.[6]








To the contrary, we conclude
that Nelson and any such Adiscovery rule@ are
inapposite to Appellants= facts, and
to general arbitration law, which precludes a reviewing court from vacating an
arbitration award for a mere mistake of fact. 
See Pheng, 196 S.W.3d at 329; Crossmark, 124 S.W.3d at
429; see also Henry v. Halliburton Energy Servs. Inc., 100 S.W.3d 505,
510 (Tex. App.CDallas 2003,
pet. denied) (stating the elements required to vacate an arbitration ruling
because of fraud, including that the fraud must not have been discoverable upon
the exercise of due diligence prior to or during the arbitration); Karppinen
v. Karl Kiefer Mach. Co., 187 F.2d 32, 34 (2d Cir. 1951) (noting that if
perjury is Afraud@ under the FAA, then, since it necessarily raises an issue of credibility
which has already been before the arbitrator, the party relying on it must
first show that he could not have discovered it during the arbitration, else he
should have invoked it as a defense at that time).

Nelson involved application of the statute of limitations to a medical
malpractice claim on injuries that were not immediately discoverable.  See Nelson, 678 S.W.2d at 923.  To the contrary, the arbitrator in the
instant case made specific findings with regard to Appellee=s injuries:

I cannot conclude Hall is malingering, despite
defendant=s
arguments.  I find the defendant has the
burden of proving this assertion and has failed to meet its burden.  None of the treating professionals believed
the plaintiff to be malingering and in this regard I accept their testimony. 

 

The plaintiff suffered a significant brain injury
as well as other significant injuries requiring multiple surgeries.  The plaintiff is permanently disabled and
will require ongoing medical care and assisted living.  In reaching these conclusions I have relied
upon the TIRR and Pate assessments and Dr. Lilly=s
testimony.  [Emphasis added.]

 








Although there is no list of all of the evidence
the arbitrator considered, the question of whether Appellee was malingering was
clearly a fact issue presented to and determined by the arbitrator.  In the receipt and release signed by Appellee,
he stated that the release was made Awith full knowledge that my physical condition may not be fully
understood by me at this time.@  A complaint seeking to vacate
the arbitration award under section 171.088 should have been brought at or
before the date the final judgment was entered, and not later than the
ninetieth day after the date of delivery of a copy of the award to the party
making the application to vacate.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 171.088(b).

Because Appellants filed
their petition to vacate the arbitration award after the award had been
confirmed by the trial court=s final judgment, their challenge was too late.  See Hamm, 178 S.W.3d at 262.  With no other statutory, common law, or
public policy grounds to vacate the award before it, the trial court lacked
jurisdiction to review Appellants= complaint.  See Crossmark,
124 S.W.3d at 429.  We overrule
Appellants= first
issue.

 

 

 

 

 








CONCLUSION

Having disposed of both of
Appellants= issues, we
affirm the judgment of the trial court.[7]

 

DIXON W. HOLMAN

JUSTICE

 

 

PANEL
B:  HOLMAN, WALKER, and MCCOY, JJ.

 

DELIVERED:  May 17, 2007                                  











[1]See Tex. R.
App. P. 47.4.





[2]The underlying case was originally
tried to the bench.  The trial court
declared a mistrial and ordered the parties re-try the case to a jury.  The parties opted to go to binding
arbitration instead.





[3]Appellants alleged that Appellee
had been observed conducting everyday activities without assistance.





[4]Appellants also claim that the
trial court had subject matter jurisdiction under a theory of equitable
jurisdiction.  However, in spite of the
trial court=s statement that A[t]he record establishes that
[Appellants] properly invoked the equitable jurisdiction of the district court
in this case,@ we find nothing in the record to
support this assertion.  Appellants did
not argue this theory to the trial court in their petition, in their response
to Appellee=s motion, or at the hearing on that
motion.  Therefore, they have not
preserved this issue for our review.  See
Tex. R. App. P. 33.1; Cont=l Cas. Ins. Co. v. Functional
Restoration Assocs.,
19 S.W.3d 393, 404-05 (Tex. 2000).





[5]In Appellants= second issue, which they failed to
brief, Appellants asked, ADoes an agreed dismissal of a suit
with prejudice that does not confirm an arbitration award preclude a district
court from having jurisdiction to hear a claim to vacate an arbitration award
procured by fraud?@ 
Based on our conclusion that the final judgment constituted the
equivalent of an order confirming the arbitration award, this issue would be
moot even if Appellants had briefed it.  See
Tex. R. App. P. 38.1(h), 47.1.





[6]While Appellants are correct in
citing Tijerina v. City of Tyler=s avowal that, as judges, we are called upon to apply a
statutory command even when it produces a policy of which we disapprove, the Adiscovery rule@ interpretation urged by Appellants
would render a result, not just a policy, that would be ineffective, unjust,
and unreasonable within the TAA context. 
See 846 S.W.2d 825, 828 (Tex. 1992).  To allow a losing party to vacate an
arbitration award ninety days after alleged fraud at any time after the
award was rendered, even after it had been confirmed, would eliminate the
finality of all arbitration awards and eradicate the benefits of
arbitration.  See CVN Group, Inc. v.
Delgado, 95 S.W.3d 234, 238 (Tex. 2002) (stating that subjecting
arbitration awards to judicial review adds expense and delay, thereby
diminishing the benefits of arbitration as an efficient, economical system for
resolving disputes); see also Browning v. Prostok, 165 S.W.3d 336,
345-46 (Tex. 2005) (expressing that it is the policy of the law to give
finality to judgments). 





[7]We need not address the alternative
grounds for affirmance discussed in Appellee=s brief.  See Tex. R. App. P. 47.1.