COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-272-CV

DIAMOND OFFSHORE COMPANY, APPELLANTS

DIAMOND OFFSHORE MANAGEMENT 

COMPANY, DIAMOND OFFSHORE (USA),

LLC, AND DIAMOND OFFSHORE DRILLING

SERVICES, INC.

V.

DONNIE HALL APPELLEE

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellants Diamond Offshore Company, Diamond Offshore Management Company, Diamond Offshore (USA), LLC, and Diamond Offshore Drilling Services, Inc., (hereinafter “Appellants”) assert that the trial court had subject matter jurisdiction to vacate an arbitration award and that, therefore, the trial court improperly dismissed this case for want of jurisdiction.  We affirm.

BACKGROUND

After a mistrial, the parties agreed to arbitrate Appellee Donnie Hall’s Jones Act claim for personal injuries.
(footnote: 2)  The letter memorializing the agreement to arbitrate stated that maritime law would apply, stipulated that Appellee was a “Jones Act Seaman,” and stated that there would be no appeal of the award. The arbitrator awarded Appellee over $2 million in damages, allocating a substantial portion of that amount to future in-home attendant care and mobility assistance.  The arbitrator made specific findings in the award with regard to liability, damages, and past and future expenses.  Appellants paid the award, and Appellee dismissed his suit with prejudice.  The trial court’s final order, signed on April 8, 2004, stated,

[The parties] have informed the Court that the binding arbitration in this matter has been concluded, the arbitration award entered, and said arbitration award fully satisfied by [Appellants]; and the parties having agreed to the entry of a Final Judgment, and it appearing to the Court that this Agreed Take Nothing Final Judgment should be made as prayed; it is therefore ORDERED, ADJUDGED, and DECREED that [Appellee] take nothing from [Appellants], and that this action against them be dismissed with prejudice.

On February 1, 2005, Appellants filed an original petition in Harris County, where the original lawsuit and arbitration occurred, to vacate and recover the arbitrator’s award, alleging that they had discovered fraud in November 2004.
(footnote: 3)  Venue was transferred to Tarrant County on Appellee’s motion, and he then moved to dismiss based on lack of subject matter jurisdiction.  The trial court granted Appellee’s motion to dismiss.

SUBJECT MATTER JURISDICTION

In their first issue, Appellants claim that the trial court had jurisdiction to hear their suit to vacate the arbitration award under the Texas Arbitration Act (“TAA”).
(footnote: 4)  
Tex. Civ. Prac. & Rem. Code Ann. 
§§ 171.001-.098 (Vernon 2005).  

Standard Of Review

We review a trial court’s ruling on a plea to the jurisdiction under the 
de novo
 standard of review.  
See Tex. Dep’t of Parks & Wildlife v. Miranda
, 133 S.W.3d 217, 226 (Tex. 2004) (stating that subject matter jurisdiction is a question of law)
.  The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction to hear the cause.  
Tex. Ass’n of Bus. v. Tex. Air Control Bd.
, 852 S.W.2d 440, 446 (Tex. 1993).  A plea to the jurisdiction should, however, be decided without weighing the merits of the plaintiff’s claims.  
County of Cameron v. Brown
, 80 S.W.3d 549, 555 (Tex. 2002); 
Bland ISD v. Blue
, 34 S.W.3d 547, 554 (Tex. 2000).  In determining whether jurisdiction exists, we look to the allegations in the pleadings, accept them as true, and construe them in favor of the pleader.  
Tex. Ass’n of Bus
., 852 S.W.2d at 446; 
Univ. of N. Tex. v. Harvey
, 124 S.W.3d 216, 220 (Tex. App.—Fort Worth 2003, pet. denied).  We may also consider evidence presented to the trial court to resolve the jurisdictional dispute, and we must do so when necessary to resolve the dispute.  
Harvey
, 124 S.W.3d at 220.

To prevail, the defendant must show that, even if all the allegations in the plaintiff’s pleadings are taken as true, there is an incurable jurisdictional defect apparent from the face of the pleadings that renders it impossible for the plaintiff’s petition to confer subject matter jurisdiction on the trial court.  
See Brenham Hous. Auth. v. Davies
, 158 S.W.3d 53, 56 (Tex. App.—Houston [14th Dist.] 2005, no pet.).  A court reviewing an arbitration award lacks jurisdiction to review complaints that do not assert statutory, common law, or public policy grounds to vacate the award.  
See Crossmark, Inc. v. Hazar
, 124 S.W.3d 422, 429 (Tex. App.—Dallas 2004, pet. denied). 

Here, Appellants filed a petition to vacate the arbitration award under the TAA.  
See
 
Tex. Civ. Prac. & Rem. Code Ann. 
§§ 171.081, 171.088.  Appellants had the burden to plead facts which, taken as true, would invoke the trial court’s jurisdiction.  
See
 
Brenham Hous. Auth
., 158 S.W.3d at 57.  Appellee then had to show that there was an incurable jurisdictional defect from the face of Appellants’ TAA-based petition.  
See id.
 at 56.  That petition is the basis of our review here, in addition to the following evidence submitted at the hearing:  the letter memorializing the terms of the agreement to arbitrate, the arbitration award, Appellee’s receipt and release, and the final judgment from the trial court in the prior suit.  
See Bland ISD
, 34 S.W.3d at 554 (reviewing plea to the jurisdiction in light of evidence offered at hearing on the plea).

Texas Arbitration Act

The TAA provides, “On application of a party, the court shall vacate an award if the award was obtained by corruption, fraud, or other undue means.”  
Tex. Civ. Prac. & Rem. Code Ann. 
§ 171.088(a)(1).  The party must make its application under subsection (a)(1) “not later than the 90th day after the date the grounds for the application are known or should have been known.”  
Id.
 § 171.088(b).  In its petition, Appellants alleged that the award was obtained by fraud, citing specific acts by Appellee after the award that were inconsistent with the arbitrator’s findings, and that it filed suit within ninety days of learning of these acts.

Confirmation

Appellants claim that under the plain language of section 171.088(b), the trial court was empowered to hear their application to vacate the arbitrator’s award because they made their application for relief under section 171.088(a)(1) within ninety days of the date they knew or should have known of Appellee’s alleged fraud.  Appellee counters that for the trial court to have subject matter jurisdiction, Appellants would have had to bring their motion to vacate, at the latest, before the final judgment was rendered in the underlying suit.  Although the trial court did not file findings of fact, when asked at the hearing on Appellee’s plea to the jurisdiction for the basis of its decision, the trial court responded, “We’ve got a final judgment.”

Appellants assert that “the final judgment in this case did not confirm the arbitration award,” that it was merely an agreed final take-nothing judgment, and that Appellee never filed a motion to confirm the award.
(footnote: 5)  However, upon reviewing the record, although Appellee never filed a motion to confirm the award, we conclude that the language used by the trial court in its final judgment was tantamount to an order granting confirmation.

The TAA does not expressly define “confirmation,” but in essence, confirmation is “the act of giving formal approval.”  
Black’s Law Dictionary 
318 (8th ed. 2004).  And it is a method to enforce an arbitration award.  
See Crossmark
, 124 S.W.3d at 429 n.5 (stating that under Texas common law, a party seeking to confirm an arbitration award had to file suit and show that: (1) the parties agreed to arbitrate a dispute; (2) the dispute was arbitrated; (3) the arbitration resulted in an award; and (4) there was a breach or failure to comply with the award); 
see also Marion Mfg. Co. v. Long
, 588 F.2d 538, 542 (6th Cir. 1978) (indicating, under FAA, that a court’s judgment confirming an arbitration award must reflect what would have happened had the parties immediately complied with the award instead of going to court).

Here, the trial court’s final order signed April 8, 2004 stated, “[T]he arbitration award [has been] entered, and said arbitration award fully satisfied by [Appellants]; and the parties hav[e] agreed to the entry of a Final Judgment.”  While this order did not expressly confirm the exact language of the arbitrator’s award, the language used was the equivalent of an order confirming the award—the trial court formally approved the agreement made between the parties, i.e., payment of the award by Appellants in exchange for a full release by Appellee and dismissal of his suit with prejudice, and then granted dismissal of Appellee’s underlying suit with prejudice.

With regard to Appellee’s failure to file an application for confirmation, while the TAA specifically provides that an application is heard in the same manner and on the same notice as a motion in a civil case, the purpose behind that provision is to expedite judicial treatment of matters pertaining to arbitration.  
See
 
Tex. Civ. Prac. & Rem. Code Ann. 
§ 171.093; 
Tex. R. Civ. P
. 21; 
Crossmark
, 124 S.W.3d at 430, 436 (involving motion for summary judgment to confirm arbitration award).  Although applications to confirm or to vacate an arbitration award should be decided as other motions in civil cases, i.e., on notice and an evidentiary hearing if necessary, here, the parties bypassed this route.  
Cf. Crossmark
, 124 S.W.3d at 430 (holding that if a party chooses to follow summary judgment procedure rather than the simple motion procedure authorized by the TAA, it assumes the traditional burdens and requirements of summary judgment practice).  There was no need to hold an evidentiary hearing on whether the award should be confirmed when Appellants had already paid the award; and by paying the award, Appellants essentially waived the necessity of Appellee filing an application to confirm.  
Cf. id. 
at 429 n.5 (holding that because Appellee filed an application to confirm under the TAA, there was no need to discuss common law procedures for confirming or vacating arbitrator’s award).

Given that Texas law favors arbitration, that an arbitration award has the same effect as the judgment of a court of last resort, that all reasonable presumptions are indulged in favor of the award, and that the award is conclusive on the parties as to all matters of fact and law, we conclude that on the facts here, the order dismissing Appellee’s suit with prejudice constituted a confirmation as well as a final judgment.  
See Pheng Invs., Inc. v. Rodriguez
, 196 S.W.3d 322, 328 (Tex. App.—Fort Worth 2006, no pet.) (op. on reh’g).

With regard to Appellants’ argument that they timely filed their motion seeking to set aside the arbitration award, the reasoning in 
Hamm v. Millennium Income Fund, L.L.C. 
is persuasive.  
See
 178 S.W.3d 256, 262 (Tex. App.—Houston [1st Dist.] 2005, pet. denied), 
cert. denied
, 127 S. Ct. 297 (2006).  The 
Hamm 
court indicated that because the TAA requires the trial court to confirm an arbitration award unless “grounds are offered for vacating, modifying, or correcting an award,” confirmation effectively becomes the default result unless a challenge to the award has been or is being considered.  
Id.
; 
see also 
Tex. Civ. Prac. & Rem. Code Ann. 
§ 171.087
.  The 
Hamm 
court reasoned that this statutory scheme tended to imply a due order of consideration:  that any motions to vacate, to modify, or to correct the award must be pending before the court for its consideration, or must already have been ruled on, when the court considers the motion to confirm.  
Hamm
, 178 S.W.3d at 262.  A judgment confirming an arbitration award is a final judgment.  
See
 
Tex. Civ. Prac. & Rem. Code Ann
. § 171.092(a) (stating that on granting an order that confirms an award, the court shall enter a judgment conforming to that order and that judgment may be enforced in the same manner as any other); 
Hamm
, 178 S.W.3d at 263.

Appellants alleged fraud under section 171.088(a)(1) and analogize their circumstances to 
Nelson v. Krusen
, 678 S.W.2d 918 (Tex. 1984) (op. on reh’g), arguing that they could not have known about the alleged fraud during the arbitration proceedings, so the trial court should have jurisdiction to consider vacating the award here.  Appellants argue that Appellee represented to the arbitrator that he was totally disabled but that the surveillance photographs attached to Appellants’ petition to vacate “establish that the arbitrator’s conclusions that [Appellee] requires in-home attendant care and is unable to drive are erroneous.”  Appellants complain, therefore, that to dismiss their petition to vacate would allow “one who successfully defrauds an arbitration panel . . . to retain his ill-gotten booty because the award was paid,” and urges this court to consider section 171.088 as adopting a “discovery rule” for bringing a motion to vacate an arbitration award obtained by fraudulent means.
(footnote: 6)
 To the contrary, we conclude that 
Nelson
 and any such “discovery rule” are inapposite to Appellants’ facts, and to general arbitration law, which precludes a reviewing court from vacating an arbitration award for a mere mistake of fact.  
See Pheng
, 196 S.W.3d at 329; 
Crossmark
, 124 S.W.3d at 429; 
see also Henry v. Halliburton Energy Servs. Inc
., 100 S.W.3d 505, 510 (Tex. App.—Dallas 2003, pet. denied) (stating the elements required to vacate an arbitration ruling because of fraud, including that the fraud must not have been discoverable upon the exercise of due diligence prior to or during the arbitration); 
Karppinen v. Karl Kiefer Mach. Co.
, 187 F.2d 32, 34 (2d Cir. 1951) (noting that if perjury is “fraud” under the FAA, then, since it necessarily raises an issue of credibility which has already been before the arbitrator, the party relying on it must first show that he could not have discovered it during the arbitration, else he should have invoked it as a defense at that time).

Nelson
 involved application of the statute of limitations to a medical malpractice claim on injuries that were 
not immediately discoverable
.  
See Nelson
, 678 S.W.2d at 923.  To the contrary, the arbitrator in the instant case made specific findings with regard to Appellee’s injuries:

I cannot conclude Hall is malingering, 
despite defendant’s arguments.  I find the defendant has the burden of proving this assertion and has failed to meet its burden
.  None of the treating professionals believed the plaintiff to be malingering and in this regard I accept their testimony. 

The plaintiff suffered a significant brain injury as well as other significant injuries requiring multiple surgeries.  The plaintiff is permanently disabled and will require ongoing medical care and assisted living.  In reaching these conclusions I have relied upon the TIRR and Pate assessments and Dr. Lilly’s testimony.  [Emphasis added.]

Although there is no list of all of the evidence the arbitrator considered, the question of whether Appellee was malingering was clearly a fact issue presented to and determined by the arbitrator.  In the receipt and release signed by Appellee, he stated that the release was made “with full knowledge that my physical condition may not be fully understood by me at this time.”  A complaint seeking to vacate the arbitration award under section 171.088 should have been brought at or before the date the final judgment was entered, and not later than the ninetieth day after the date of delivery of a copy of the award to the party making the application to vacate.  
See 
Tex. Civ. Prac. & Rem. Code Ann
. § 171.088(b).

Because Appellants filed their petition to vacate the arbitration award after the award had been confirmed by the trial court’s final judgment, their challenge was too late.
  
See Hamm
, 178 S.W.3d at 262.  With no other statutory, common law, or public policy grounds to vacate the award before it, the trial court lacked jurisdiction to review Appellants’ complaint.  
See Crossmark
, 124 S.W.3d at 429.  We overrule Appellants’ first issue.

CONCLUSION

Having disposed of both of Appellants’ issues, we affirm the judgment of the trial court.
(footnote: 7)
 

DIXON W. HOLMAN

JUSTICE

PANEL B:  HOLMAN, WALKER, and MCCOY, JJ.

DELIVERED:  May 17, 2007 

FOOTNOTES
1:
See 
Tex. R. App. P
. 47.4.

2:
The underlying case was originally tried to the bench.  The trial court declared a mistrial and ordered the parties re-try the case to a jury.  The parties opted to go to binding arbitration instead.

3:
Appellants alleged that Appellee had been observed conducting everyday activities without assistance.

4:
Appellants also claim that the trial court had subject matter jurisdiction under a theory of equitable jurisdiction.  However, in spite of the trial court’s statement that “[t]he record establishes that [Appellants] properly invoked the equitable jurisdiction of the district court in this case,” we find nothing in the record to support this assertion.  Appellants did not argue this theory to the trial court in their petition, in their response to Appellee’s motion, or at the hearing on that motion.  Therefore, they have not preserved this issue for our review.  
See
 
Tex. R. App. P
. 33.1; 
Cont’l Cas. Ins. Co. v. Functional Restoration Assocs
., 19 S.W.3d 393, 404-05 (Tex. 2000).

5:
In Appellants’ second issue, which they failed to brief, Appellants asked, “Does an agreed dismissal of a suit with prejudice that does not confirm an arbitration award preclude a district court from having jurisdiction to hear a claim to vacate an arbitration award procured by fraud?”  Based on our conclusion that the final judgment constituted the equivalent of an order confirming the arbitration award, this issue would be moot even if Appellants had briefed it.  
See
 
Tex. R. App. P. 
38.1(h), 47.1.

6:
While Appellants are correct in citing 
Tijerina v. City of Tyler
’s avowal that, as judges, we are called upon to apply a statutory command even when it produces a policy of which we disapprove, the “discovery rule” interpretation urged by Appellants would render a result, not just a policy, that would be ineffective, unjust, and unreasonable within the TAA context.  
See
 846 S.W.2d 825, 828 (Tex. 1992).  To allow a losing party to vacate an arbitration award ninety days after alleged fraud 
at any time 
after the award was rendered, even after it had been confirmed, would eliminate the finality of all arbitration awards and eradicate the benefits of arbitration.  
See CVN Group, Inc. v. Delgado
, 95 S.W.3d 234, 238 (Tex. 2002) (stating that subjecting arbitration awards to judicial review adds expense and delay, thereby diminishing the benefits of arbitration as an efficient, economical system for resolving disputes); 
see also Browning v. Prostok
, 165 S.W.3d 336, 345-46 (Tex. 2005) (expressing that it is the policy of the law to give finality to judgments). 

7:
We need not address the alternative grounds for affirmance discussed in Appellee’s brief.  
See
 
Tex. R. App. P.
 47.1.