**The STATE of Texas, Appellant**

v.

**FIESTA MART, INC., Appellee.**

**No. 14–06–00826–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 3, 2007.

Rehearing Overruled Sept. 20, 2007.

Kristofer S Monson, Lisa Marie Nieman, Walter C. Brocato, Austin, TX, for appellants.

Billy C. Dyer, H. Dixon Montague, Houston, TX, for Appellee.

Panel consists of Chief Justice HEDGES and Justices HUDSON and GUZMAN.

## OPINION

J. HARVEY HUDSON, Justice.

The State of Texas brings this interlocutory appeal from a county court decision denying its plea to the jurisdiction. In five issues, the State complains that the court erred in denying its plea to the jurisdiction because (1) Fiesta, as a lessee of the property, does not have an ownership interest in the property being seized, (2) Fiesta cannot recover lost profits because it has not alleged impairment of access, and (3) Fiesta has failed to exhaust its administrative remedies in seeking relocation benefits. We affirm.

### I. BACKGROUND

Fiesta leases 7.3704 acres of land from Weingarten Realty Investors on the northwest corner of Old Katy Road and Blalock

in Houston, Texas. The property consists of a Fiesta grocery store, which occupies 91,414 square feet, a retail strip center, which occupies 13,500 square feet, and a parking lot consisting of approximately 437 parking spaces. Fiesta leases the grocery store plus "all appurtenances thereunto" on a long-term basis from Weingarten. As part of the Katy Freeway expansion project, the State filed a petition against Weingarten, Fiesta, and Vivo, Ltd.,[1] to take 1.2362 acres of the property by eminent domain. Fiesta alleges this taking eliminated 185 parking spaces from the parking lot. Three disinterested freeholders of Harris County, empaneled as Special Commissioners of the County Civil Court at Law No. 3, awarded Vivo, Weingarten, and Fiesta $7,721,575.00 in damages under section 21.042 of the Texas Property Code.[2] All parties appealed the commissioners' award to the trial court. Fiesta subsequently filed a counterclaim alleging inverse condemnation and seeking to recover damages to its personal property and its business losses caused by the State's taking.

The taking of a portion of Fiesta's parking lot has left Fiesta with two options. Fiesta can relocate its business in which case the State would be responsible to pay Fiesta for the entire property, or Fiesta can remain on the property and accept the State's "cure plan." The State proposed to cure Fiesta's parking shortage by condemning the retail strip center and converting that space to parking. In its objections to the commissioners' award Fiesta is pursuing both remedies in the alternative. Fiesta contends it cannot make a final decision as to whether to remain on the property until the State completes the freeway expansion.

Prior to trial, the State filed a plea to the jurisdiction in which it alleged that the trial court did not have jurisdiction over the State's condemnation claim because the State had not taken Fiesta's real property, but only the parking lot, which was not leased by Fiesta. The State further alleged the trial court had no jurisdiction over Fiesta's inverse condemnation claim because Fiesta was not entitled to recover lost profits or reimbursement for relocation expenses. The trial court denied the State's plea. On Fiesta's request, the trial court entered an order severing the State's statutory condemnation claim from Fiesta's inverse condemnation claim. The State filed this interlocutory appeal challenging the trial court's ruling on its plea to the jurisdiction in both cases.

## II. STANDARD OF REVIEW

A person may appeal from an interlocutory order of a county court at law that grants or denies a plea to the jurisdiction by a governmental unit. TEX. CIV. PRAC. & REM.CODE § 51.014(a)(8) (Vernon Supp.2006). A plea to the jurisdiction contests the trial court's authority to adjudicate the subject matter of the cause of action. *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex.1999). When reviewing a challenge to a trial court's subject matter jurisdiction, we review the trial court's ruling de novo. *Texas Natural Resource Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex.2002). In reviewing the denial of a plea to the jurisdiction, we do not review the merits of the

---

1. Vivo, Ltd. is listed on the deed as the owner of the property. Weingarten is Fiesta's landlord. All three parties are considered property owners under the Property Code. *See G.P. Show Productions, Inc. v. Arlington Sports Facilities Dev.*, 873 S.W.2d 120, 123 (Tex.App.-

Fort Worth 1994, no pet.) (stating the term "property owner" as used in section 21.042 of the Property Code includes a lessee for years).

2. TEX. PROP.CODE ANN. § 21.042 (Vernon 2000).

case. *Chocolate Bayou Water Co. & Sand Supply v. Texas Natural Resource Conservation Comm'n,* 124 S.W.3d 844, 849 (Tex.App.-Austin 2003, pet. denied). Because the statute authorizing interlocutory appeals is a narrow exception to the general rule that only final judgments and orders are appealable, we must give it a strict construction. *Bally Total Fitness Corp. v. Jackson,* 53 S.W.3d 352, 355 (Tex. 2001). Thus, we limit our discussion to the narrow issue of whether the trial court erred in denying the State's plea to the jurisdiction.

### III. STATE'S STATUTORY CONDEMNATION CLAIM

In its first issue for review, the State contends Fiesta failed to invoke the trial court's jurisdiction over its counterclaims by failing to allege facts in its pleadings sufficient to show a compensable taking under TEX. CONST. art. I, § 17.

■ The procedure for condemning public property is prescribed in sections 21.012 through 21.016 of the Texas Property Code. TEX. PROP.CODE ANN. § 21.011 (Vernon 2004). If the entity with eminent domain authority cannot agree with the property owner regarding the amount of damages, it must file a petition in the proper court with a description that contains the following: (1) the property to be condemned; (2) the purpose for which the entity intends to use the property; (3) the name of the property owner; and (4) a statement that the entity and the property owner are unable to agree on the damages. TEX. PROP.CODE § 21.012(a) (Vernon 2004). The judge of the court must then appoint three disinterested freeholders who reside in the county as special commissioners to assess the damages of the property owner. TEX. PROP.CODE § 21.014 (Vernon 2004). The special commissioners must conduct a hearing to determine the amount of dam-

ages. TEX. PROP.CODE § 21.015 (Vernon 2004). If either party timely files an objection to the commissioners' award, the county court is invested with jurisdiction of the subject matter of the case. *Denton County v. Brammer,* 361 S.W.2d 198, 200 (Tex.1962); *see also* TEX. PROP.CODE § 21.018 (Vernon 2004) (providing party to condemnation proceeding may file objections in court that has jurisdiction, which shall cite adverse party and try case in same manner as other civil causes).

■ The State filed a petition for condemnation and listed Vivo, Weingarten, and Fiesta as owners of the property. The special commissioners issued a joint award to be divided among Vivo, Weingarten, and Fiesta to which the State, Fiesta, and Weingarten objected. In its objection to the award of the special commissioners, Fiesta alleged it had not been awarded adequate compensation for its (1) real property interests, (2) personal property interests, and (3) business losses. Fiesta did not describe what, if any, interest it might have in the condemned property. Thus, the State contends Fiesta did not invoke the jurisdiction of the court.

■ "It is fundamental that, to recover under the constitutional takings clause, one must first demonstrate an ownership in the property taken." *Texas Dep't of Transp. v. City of Sunset Valley,* 146 S.W.3d 637, 644 (Tex.2004). However, here the State alleged in its petition for condemnation that Fiesta is an "owner" of the land. "It is the general rule that the pleadings in a particular case ... are to be regarded as judicial admissions." *Kirk v. Head,* 137 Tex. 44, 152 S.W.2d 726, 729 (1941). Moreover, any fact admitted is conclusively established in the case without the introduction of the pleadings or presentation of other evidence. *Houston First Am. Sav. v. Musick,* 650 S.W.2d 764, 767 (Tex.1983). Accordingly, the trial court

acquired subject matter jurisdiction by virtue of the State's petition for condemnation. The State's first issue is overruled.

■■■■■ In its second issue, the State contends that tenants have only a limited interest in the condemned property. Because none of Fiesta's leased property was condemned, but only a portion of the parking lot serving the leased property, the State claims Fiesta has not shown it is entitled to compensation. The owner of any legal right or interest in land must be adequately compensated when the land is taken. *Zinsmeyer v. State*, 646 S.W.2d 626, 628 (Tex.App.-San Antonio 1983, no writ). Thus, unless a contrary provision exists in the lease agreement, a lessee is entitled, as a matter of law, to share in a condemnation award when part of its leasehold interest is lost by condemnation. *Texaco Ref. and Mktg., Inc. v. Crown Plaza Group*, 845 S.W.2d 340, 342 (Tex.App.-Houston [1st Dist.] 1992, no writ). To what extent Fiesta's leasehold interest was diminished, if it was, by the condemnation of parking spaces is a fact issue yet to be determined. The purpose of a plea to the jurisdiction is to determine the narrow issue of the trial court's authority to entertain the cause of action—it is not a vehicle for prejudging the evidence, nor is it a substitute for a trial on the merits. The State's second issue is overruled.

In its third and fifth issues, the State contends Fiesta must, prior to filing its counterclaim, decide whether it will (1) surrender its leasehold interest and relocate, or (2) remain on the premises. The lease agreement provides that when, as here, the parking lot is reduced in size due to eminent domain proceedings below an area sufficient to provide a total of four parking spaces for each 1,000 square feet

of leased space, Fiesta will have the option of terminating the lease. The State admits that Fiesta may have some compensable interest if it relocates, but argues Fiesta may have no compensable interest if it remains on the property because none of its leased space has been condemned.[3] Accordingly, the State maintains that unless Fiesta elects which course of action it will pursue, its counterclaim simply invites the trial court to issue an advisory opinion.

The State more specifically contends this case should be remanded with instructions that Fiesta replead to specifically state the nature of the property interest for which it seeks compensation. The State cites *Texas Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex.2004), for the proposition that where a jurisdictional defect can be cured by repleading, the proper remedy is to permit the claimant to replead its claim for relief. In *Miranda*, the supreme court held that if the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction, but the pleadings could be cured to show jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Id.*

■■■ In this case, however, the pleadings support jurisdiction. The State argues that Fiesta must choose whether it will abandon its lease or remain on the property. The State characterizes this as an issue of standing because it alleges Fiesta does not have a property interest in the parking lot. In reality, however, the State is seeking a determination that Fiesta must elect its remedy before proceeding to trial. The issue of Fiesta's ownership interest in the parking lot is a matter to be

---

**3.** While the lease agreement defines the space leased by Fiesta as the 83,791 square feet inside the physical walls of the store, the parking lot is frequently referenced in the lease and the landlord is obliged to maintain the lot for the benefit of Fiesta.

determined at trial, not through a plea to the jurisdiction.[4] We decline to permit the State to use this interlocutory appeal as a vehicle to circumvent the bounds set by the statute in order to obtain judicial review of the merits of Fiesta's case. The State named Fiesta as an owner in its petition for condemnation and objected to the commissioners' award. With regard to the statutory condemnation action filed by the State and appealed to the county court, the court has subject matter jurisdiction and no remand is required. The State's third and fifth issues are overruled.

### IV. FIESTA'S INVERSE CONDEMNATION CLAIM

In its fourth issue, the State complains of the trial court's denial of its plea to the jurisdiction on Fiesta's inverse condemnation claim. Fiesta brought an inverse condemnation counterclaim seeking recovery for damages to its personal property, and business losses caused by the State's taking. The State contends that Fiesta cannot maintain an action under Article I, section 17 of the Texas Constitution because Fiesta failed to (1) properly allege impaired access and (2) exhaust its administrative remedies. When a governmental entity takes, damages, or destroys property for public use, the Texas Constitution waives the governmental entity's immunity from suit. *Steele v. City of Houston*, 603 S.W.2d 786, 791 (Tex.1980). Because a business is property, the owner is entitled to be compensated under some circumstances for lost profits arising from the State's denial of access. *State v. Wha-*

taburger, Inc., 60 S.W.3d 256, 261 (Tex. App.-Houston [14th Dist.] 2001, pet. denied).

### A. Impaired Access

The State alleges that because Fiesta did not specifically allege impaired access, it cannot recover lost profits as damages. When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Miranda*, 133 S.W.3d at 226. If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues. *Id.* at 227.

In this case, the trial court had before it Fiesta's response to the State's dilatory plea and both parties' discovery responses. In response to the State's jurisdictional plea, Fiesta stated it was seeking lost profits on the theory of impaired access. In response to discovery, Fiesta stated that its expert would testify that Fiesta was "substantially impacted because of loss of parking, diminished and unsafe access, impaired circulation on site," and "diminished maneuvering room for trucks[.]" The trial court properly considered Fiesta's responses in determining whether it had jurisdiction. *See id.* Because Fiesta raised the issue of impaired access, the trial court

---

4. Where a party has two separate, distinct, and inconsistent remedies he may in the same suit ask for alternative relief. 28A C.J.S. *Election of Remedies* § 15 (1996). Moreover, under the doctrine of election of remedies, if a plaintiff pleads more than one theory of recovery, he need not make an election between them until after the verdict. *Town E.*

Ford Sales, Inc. v. Gray, 730 S.W.2d 796, 811 (Tex.App.-Dallas 1987, no writ); *Commercial Music Co. v. Klag*, 288 S.W.2d 168, 170 (Tex. Civ.App.-San Antonio 1955, no writ). Thus, he is entitled to the greatest relief under either theory that the verdict will support. *Town E. Ford Sales*, 730 S.W.2d at 811.

has jurisdiction under Article I, section 17 of the Texas Constitution to consider Fiesta's claim for lost business profits. *See Whataburger*, 60 S.W.3d at 261.

### B. Relocation Benefits

Lastly, the State contends the trial court does not have jurisdiction to consider Fiesta's claim for relocation benefits because Fiesta failed to exhaust its administrative remedies. The Texas Department of Transportation ("TxDOT") has adopted an administrative procedure for the purpose of providing relocation benefits to those displaced as a result of the acquisition of right-of-way for a highway project. 43 TEX. ADMIN. CODE § 21.116. The State contends that because relocation benefits are provided by TxDOT, Fiesta cannot seek relocation benefits in the county court until it has first sought benefits from TxDOT. *See Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002) (recognizing that agency has exclusive jurisdiction if provided by statute). The State contends the statute clearly provides that TxDOT has exclusive jurisdiction over relocation benefits in this case.[5]

Contrary to the State's assertion, Fiesta has made no claim for relocation benefits. In its responses to discovery and to the State's jurisdictional plea, Fiesta states that the personal property and business losses it seeks to recover in its inverse condemnation claim are temporary lost profits that it will sustain while its business is disrupted either in moving the business or in curing the damages caused by the taking of several parking places and the reconfiguration of the loading docks. Fiesta does not seek the type of relocation benefits contemplated by TxDOT's program. Therefore, the failure to exhaust administrative remedies does not defeat

jurisdiction in the county court. The State's fourth issue is overruled.

### V. CONCLUSION

The trial court has subject matter jurisdiction over both the State's statutory condemnation claim and Fiesta's inverse condemnation claim. Accordingly, the denial of the plea to the jurisdiction is affirmed.

---

**5.** Whether the statute grants such exclusive jurisdiction is beyond the scope of this opinion.