Affirmed and Memorandum Opinion filed July 31, 2008








Affirmed
and Memorandum Opinion filed July 31, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00369-CV

____________

 

THE STATE OF TEXAS, Appellant

 

V.

 

CLEAR CHANNEL OUTDOOR, INC., Appellee

 



 

On Appeal from the County
Civil Court at Law No. 3

Harris County, Texas

Trial Court Cause No. 856217

 



 

M E M O R A N D U M   O P I N I O N

The State of Texas instituted a condemnation action against
various entities, including the owner of a leasehold interest who maintained a
billboard on the condemned land.  Both the State and the lessee objected to the
special commissioners= assessment of damages, and the lessee
asserted an inverse-condemnation claim against the State in the trial court. 
The State filed a plea to the jurisdiction, in which it claimed that the trial
court had no subject-matter jurisdiction based on sovereign immunity and the
lessee=s alleged failure
to exhaust administrative remedies.  The State appeals the trial court=s denial of its
plea.  We affirm the trial court=s order.  








I.  Factual and Procedural Background

          Appellant,
The State of Texas, filed a petition in the trial court seeking to condemn a
parcel of land for a state highway project.  Appellee Clear Channel Outdoor,
Inc. (hereinafter AClear Channel@) held a leasehold
interest in the land through the year 2019 and owned a billboard that was
erected on the property in question.  In its petition for condemnation, the
State named Clear Channel as a defendant.  

The trial court appointed special commissioners, who
conducted a hearing and assessed damages under section 21.042 of the Texas
Property Code.  Both Clear Channel and the State objected to the amount of
compensation, triggering a trial de novo in the trial court.[1] 
In the State=s condemnation action, Clear Channel sought to obtain
the full amount of adequate and just compensation to which Clear Channel claimed
it was entitled under Article I, section 17 of the Texas Constitution, Chapter
21 of the Texas Property Code, and the Fifth Amendment to the United States
Constitution.  Clear Channel also asserted an inverse-condemnation counterclaim
seeking to recover compensation under Article I, section 17 of the Texas
Constitution for the alleged taking, damaging, and destruction of all of Clear
Channel=s property
interests caused by or arising out of the State=s condemnation
action.   

The State filed a plea to the jurisdiction, in which it
claimed that the trial court lacked  subject-matter jurisdiction over the
counterclaim based on sovereign immunity and Clear Channel=s alleged failure
to exhaust administrative remedies. The trial court denied the State=s plea to the
jurisdiction.  The State brings this appeal from the trial court=s order denying
its plea to the jurisdiction.[2]

 

 








II.  Issues For Review

On appeal, the State presents the following issues for
review:

(1)     Whether a claim for damages to personal
property, a billboard, falls under the waiver of sovereign immunity under
Article I, section 17 of the Texas Constitution when the State has not taken
ownership of the billboard and when the owner of the billboard is free to
relocate and continue using the billboard with the assistance of the State but
has declined to accept such assistance.

(2)     Whether a claim for damages to personal
property, a billboard, falls under the waiver of sovereign immunity for
condemnation damages of Chapter 21 of the Texas Property Code when the
billboard is not a component of the claimant=s leasehold interest in the condemned real property.

(3)     Whether the State has waived sovereign
immunity for alleged condemnation damages for lost advertising contracts.

(4)     Whether the Federal Uniform Relocation Act
requires the State to condemn a billboard when the State condemns the real
property that is the site of the billboard, thereby waiving sovereign immunity
for condemnation damages to the billboard. 

(5)     Whether either the Federal or Texas Highway
Beautification Acts requires the State to condemn a billboard when the State
condemns the real property that is the site of the billboard, thereby waiving
sovereign immunity for condemnation damages to the billboard. 

(6)     Whether the Texas Department of
Transportation has exclusive jurisdiction over relocation assistance
compensation for billboards displaced by condemnation when the condemnation is
undertaken in furtherance of a highway development project.

(7)     Whether estoppel applies against the State
for the purposes of establishing a waiver of sovereign immunity for
condemnation damages to personal property, a billboard, under either Article I,
section 17 of the Texas Constitution or Chapter 21 of the Texas Property Code.

 

 








III.  Standard of Review

We review a trial court=s ruling on a plea
to the jurisdiction de novo.  Tex. Dep=t of Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004).  When a party has filed
a plea to the jurisdiction challenging the pleadings, a reviewing court must
construe the pleadings liberally in favor of the pleader and look to the
pleader=s intent.  See
id.  If the facts alleged affirmatively demonstrate the trial court=s jurisdiction to
hear the cause, the plea to the jurisdiction must be denied.  See id. 
If the pleadings do not contain sufficient facts to affirmatively demonstrate
the trial court=s jurisdiction, but do not affirmatively
demonstrate incurable defects in the jurisdiction, the issue is one of pleading
sufficiency, and the plaintiffs should be afforded the opportunity to amend.  See
id.  If the pleadings affirmatively negate the existence of jurisdiction,
then a plea to the jurisdiction may be granted without allowing an opportunity
to amend.  See id. at 227.  

If in its plea to the jurisdiction a party challenges the
existence of jurisdictional facts, the reviewing court considers relevant
evidence submitted by the parties when necessary to resolve the jurisdictional
issues raised, as the trial court is required to do.  See id.  If the
evidence creates a fact question regarding the jurisdictional issue, then the
plea to the jurisdiction must be denied.  See id. at 227B28.  However, if
the relevant evidence is undisputed or fails to raise a fact question on the
jurisdiction issue, then the court rules on the plea to the jurisdiction as a
matter of law.  Id. at 228.  In ruling on a plea to the jurisdiction, a
court does not consider the merits of the parties= claims.  See
id. at 226B28; County of Cameron v. Brown, 80 S.W.3d 549,
555 (Tex. 2002).  

In an interlocutory appeal from the denial of a plea to the
jurisdiction, our review is limited to the grounds asserted in the plea that
the trial court denied.  See State v. Fiesta Mart, Inc., 233
S.W.3d 50, 54 (Tex. App.CHouston [14th Dist.] 2007, pet. denied); 
Austin Indep. Sch. Dist. v. Lowery, 212 S.W.3d 827, 834 (Tex. App.CAustin 2006, pet.
denied); Brenham
Hous. Auth. v. Davies,
158 S.W.3d 53, 61 (Tex. App.CHouston [14th Dist.] 2005, no pet.). 








IV.  Analysis

A.      Did the property owner
properly plead its counterclaim for inverse condemnation so as to bring it
within the waiver of sovereign immunity under Article I, section 17 of the
Texas Constitution?

In its first issue, the State asserts that Clear Channel
failed to invoke the trial court=s subject-matter
jurisdiction because the facts alleged in the counterclaim are not sufficient
to show a compensable taking within the ambit of Article I, section 17 of the
Texas Constitution (hereinafter ATakings Clause@). 

The
State is generally immune from suit absent an express waiver of its sovereign
immunity.  State v. Holland, 221 S.W.3d 639, 643 (Tex. 2007).  However,
sovereign immunity does not shield the State from a claim for compensation
based upon a taking under the Takings Clause.  See Tex. Const. art. I, ' 17; Holland, 221 S.W.3d at
643. 
The
Takings Clause mandates that A[n]o person=s property shall
be taken, damaged or destroyed for or applied to public use without adequate
compensation being made, unless by the consent of such person . . . .@  Tex. Const. art. I, ' 17.  Generally,
the State compensates property owners before appropriating their property,
either by paying a mutually agreed price or by paying the value as determined
in a statutory condemnation proceeding.  See Westgate, Ltd. v. State,
843 S.W.2d 448, 452 (Tex. 1992).  If, however, the State appropriates property
without paying adequate compensation, the property owner may recover the
resulting damages through an inverse-condemnation claim.  See id.  An
inverse condemnation may occur when the government physically appropriates or
invades the property, or when it unreasonably interferes with the landowner=s right to use and
enjoy the property, such as by restricting access or denying a permit for
development.  See id. 








To properly assert an inverse-condemnation claim against
the State, a party must plead the following elements:  (1) the State
intentionally performed an act in the exercise of its lawful authority; (2)
that resulted in the taking, damaging, or destruction of the party=s property; (3)
for public use.  See Gen. Servs. Comm=n v. Little-Tex
Insulation Co., 39 S.W.3d 591, 598 (Tex. 2001); Steele v. City of
Houston, 603 S.W.2d 786, 790B91 (Tex. 1980); see
also State v. Hale, 146 S.W.2d 731, 736 (1941).  

In its counterclaim for inverse condemnation, Clear Channel
states that it seeks to recover compensation under the Takings Clause for the
taking, damaging, and destruction of all of its property interests, whether
characterized as real or personal, tangible or intangible, caused by or arising
out of the State=s condemnation in the trial court,
including but not limited to, Clear Channel=s billboard, leasehold,
permits, and advertising contracts.  Clear Channel alleges that A[t]he State
intentionally exercised its power of eminent domain to take the property
interest of Clear Channel for public use, specifically the expansion of the
Katy Freeway.@  Clear Channel seeks the full amount of adequate
compensation to which it is entitled under the Takings Clause.[3] 


In reviewing the State=s challenge to
Clear Channel=s pleadings, we construe the pleadings liberally in
favor of Clear Channel and look to Clear Channel=s intent.  See
Miranda, 133 S.W.3d at 226.  Under this standard of review, we conclude
that, in its counterclaim, Clear Channel pleaded all the elements of an
inverse-condemnation claim and alleged facts affirmatively demonstrating that
the trial court has  jurisdiction to hear the claim because sovereign immunity
has been waived under the Takings Clause.[4] 
See Miranda, 133 S.W.3d at 226; Steele,
603 S.W.2d at 791; Fiesta Mart, Inc., 233 S.W.3d at 56; Harris County
v. Progressive Nat=l Bank, 93 S.W.3d 381,
384 (Tex. App.CHouston [14th Dist.] 2002, pet. denied).








The State also makes the following assertions:

!       The State has not taken ownership or possession
of Clear Channel=s billboard.

!       The State has not harmed or destroyed the
billboard.

!       The State has not impaired Clear Channel=s use of the billboard, because,
among other things, the amortization plan in section 4617 of the Houston
Building Code is constitutional and its enforcement against Clear Channel would
allow Clear Channel to continue to earn income from the operation of its
billboard at a new location for ten years under a special operating permit.[5]

!       The State
never intended to take or destroy the billboard because it initiated this
condemnation project with the intent to offer Clear Channel relocation
assistance in connection with the removal and possible relocation of Clear
Channel=s billboard.








On
appeal, the State does not provide any record citations to evidence in support
of these assertions.  Nor has the State provided any argument, analysis, or
record citations in support of an argument that it conclusively proved these
matters in an alleged challenge to the existence of jurisdictional facts.  See Miranda, 133 S.W.3d at 227.  Therefore, we
conclude that the State has waived these assertions.  See Tex. R. App. P. 38.1(h); San Saba Energy, L.P. v. Crawford, 171 S.W.3d 323, 337 (Tex. App.CHouston [14th Dist.] 2005, no pet.). 
In any event, our record reflects that the State did not present evidence to the
trial court in support of its plea to the jurisdiction in an attempt to
conclusively prove these matters and negate the existence of jurisdictional
facts.  Given that we are reviewing the trial court=s ruling on a plea
to the jurisdiction and that we are not dealing with a challenge to
jurisdictional facts, any inquiry into the evidentiary support for these
assertions would be an impermissible inquiry into the merits of Clear Channel=s claims.  See
Fiesta Mart, Inc., 233 S.W.3d at 55B56.  

Finally, the State asserts that Clear Channel has consented
to any alleged taking or  damaging of Clear Channel=s billboard. 
However, consent is an affirmative defense that the State has the burden to
plead and to prove.  See City of Houston v. Crabb, 905 S.W.2d
669, 674B75 (Tex. App.CHouston [14th
Dist.] 1995, no writ).  In its inverse-condemnation claim, Clear Channel did
not have to plead lack of consent, and it did not do so.  See id.  The
State correctly notes that, if Clear Channel=s pleading
affirmatively showed that Clear Channel had consented to the alleged taking,
then Clear Channel would have failed to properly allege an inverse-condemnation
claim and the trial court would lack subject-matter jurisdiction over the
claim.  However, in its pleading, Clear Channel does not claim to have
consented to the alleged taking, and Clear Channel does not allege any facts
that, if true, would constitute consent to the alleged taking.  Therefore, the
issue of consent is not relevant to the trial court=s ruling on the
State=s plea to the
jurisdiction.[6] 
See Fiesta Mart, Inc., 233 S.W.3d at 55B56; Crabb,
905 S.W.2d at 674B75.

Finding no merit in the arguments asserted, we overrule the
State=s first issue.[7]








B.      Does the property owner=s failure to
pursue relocation benefits deprive the trial court of subject-matter
jurisdiction over the inverse-condemnation claim?

In its sixth issue, the State asserts that Clear Channel=s failure to
pursue administrative remedies precludes Clear Channel=s recovery of any
relocation benefits that are available under administrative regulations
promulgated by the Texas Department of Transportation.  Because Clear Channel
has not sought these benefits, the State claims that the trial court lacks
jurisdiction over Clear Channel=s inverse-condemnation claim.  The State
has cited no authority holding that failure to pursue these relocation benefits
precludes a trial court from having jurisdiction over an inverse-condemnation
claim, and this court has held to the contrary.[8] 
See Fiesta Mart, Inc., 233 S.W.3d at 57.  Accordingly, we overrule the
State=s sixth issue.[9]

V.  Conclusion








 Under the applicable
standard of review, we conclude that Clear Channel incorporated  all of the
elements of an inverse-condemnation claim in its counterclaim and alleged facts
affirmatively demonstrating the trial court=s subject-matter jurisdiction.  In addition, we conclude
that Clear Channel=s failure to pursue relocation
benefits does not deprive the trial court of subject-matter jurisdiction. 
Having concluded that the State=s arguments lack merit, we affirm the trial court=s order denying the State=s plea to the jurisdiction. 

 

 

 

/s/      Kem Thompson Frost

Justice

 

Judgment
rendered and Memorandum Opinion filed July 31, 2008.

Panel
consists of Justices Fowler, Frost, and Seymore.









[1]  See PR Investments v. State, 251 S.W.3d 472,
476 (Tex. 2008).





[2]  See Tex.
Civ. Prac. & Rem. Code. Ann. '
51.014(a)(8) (Vernon Supp. 2007).





[3]  Clear Channel also seeks the full amount of just and
adequate compensation to which it is entitled under the Fifth Amendment to the
United States Constitution; however, that claim is not an issue in this appeal.





[4]  In its plea to the jurisdiction, the State
challenged the sufficiency of Clear Channel=s
pleadings. However, the State did not attach any evidence to its plea to the
jurisdiction, and the State did not challenge the existence of any
jurisdictional facts in its plea.  The State subsequently filed a combined
brief in support of its plea to the jurisdiction and response in opposition to
Clear Channel=s motion for summary judgment.  Although the State did
attach evidence to this document, the State made it clear that this evidence
was attached in support of its response in opposition to Clear Channel=s motion for summary judgment.  





[5]  To the extent the State may be arguing that Clear
Channel has been adequately compensated due to the availability of relocation
assistance, this argument would not be relevant to the jurisdictional inquiry
because adequate compensation is an affirmative defense that the State has the
burden to plead and prove.  See City of Houston v. Crabb, 905
S.W.2d 669, 674B75 (Tex. App.CHouston
[14th Dist.] 1995, no writ).  Clear Channel does not have to plead inadequate
compensation as part of its inverse-condemnation claim.  See id.





[6]  In any event, we note that the State did not plead
consent in the trial court, nor did it present evidence conclusively proving
consent.





[7]  In its second issue, the State asserts that Clear
Channel=s inverse-condemnation claim does not fall under the
waiver of sovereign immunity contained in Chapter 21 of the Texas Property
Code.  Clear Channel does not assert that there is a waiver of sovereign
immunity under Chapter 21; therefore, we overrule the second issue.  In its
third issue, the State asserts it has not waived sovereign immunity for a
separate award of alleged damages based on lost advertising contracts. 
However, the State did not assert this ground in its plea to the jurisdiction. 
Accordingly, we overrule the third issue.  See Fiesta Mart, Inc.,
233 S.W.3d at 54;  Lowery, 212 S.W.3d at 834; Davies, 158 S.W.3d
at 61.  In its fourth and fifth issues, the State asserts that three statutes
do not require the State to condemn Clear Channel=s billboard and thereby waive sovereign immunity.  Clear Channel does
not argue that these statutes require the State to condemn its billboard and
has not based its assertion that sovereign immunity is waived on these
statutes.  Accordingly, we overrule the State=s fourth and fifth issues.  





[8] The State also asserts that the billboard was
personal property at the time of the condemnation rather than a fixture that
was part of the real property.  However, this issue is not before this court
because the State did not assert this ground in its plea to the jurisdiction.  See
Fiesta Mart, Inc., 233 S.W.3d at 54;  Lowery, 212 S.W.3d at 834; Davies,
158 S.W.3d at 61.  Moreover, any inquiry into this issue would be an
impermissible inquiry into the merits of Clear Channel=s claims.  See Fiesta Mart, Inc., 233 S.W.3d at
55B56.  The State also asserts that, under sections
203.051 and 203.052 of the Texas Transportation Code, the State has no
authority to condemn personal property such as Clear Channel=s billboard.  The State did not assert this ground in
its plea to the jurisdiction and therefore we may not consider it.  See Fiesta
Mart, Inc., 233 S.W.3d at 54; Davies, 158 S.W.3d at 61.  In
addition, it is not clear how this alleged lack of authority would deprive the
trial court of subject-matter jurisdiction over Clear Channel=s inverse-condemnation claim.  





[9]  In its seventh issue, the State asserts that Clear
Channel cannot use estoppel to create a waiver of sovereign immunity that
otherwise would not be available.  The State did not assert this ground in its
plea to the jurisdiction.  See Fiesta Mart, Inc., 233 S.W.3d at
54; Davies, 158 S.W.3d at 61.  In addition, Clear Channel is not
asserting a waiver of sovereign immunity based on estoppel.