Dismissed and Opinion filed November 25, 2008








Dismissed and Opinion filed November 25, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00181-CV

____________

 

ROYAL INDEPENDENT SCHOOL DISTRICT, Appellant

 

V.

 

JOHN W. RAGSDALE, JR., AS TRUSTEE
FOR THE CHAPTER 7 BANKRUPTCY ESTATE OF MORTGAGE FUNDING NETWORK, INC., Appellee

 



 

On Appeal from the 9th
Judicial District

Waller County, Texas

Trial Court Cause No. 2001-04-5213

 



 

O P I N I O N

Appellant, Royal Independent School District (ARoyal ISD@), attempts to
appeal various post-final-judgment orders.  Because the challenged orders
cannot form the basis of an appeal to this Court, we dismiss for want of
jurisdiction. 

I.  BACKGROUND








This appeal initiated as a delinquent tax suit filed by
Royal ISD against Janice Phillips, the landowner of real property located in
Waller County, and two lienholders, J.S. Norman Realty, Inc. and Mortgage
Funding Network, Inc. (AMFNI@).[1] 
Brookshire Katy Drainage District (the ADrainage District@) and Waller
County later intervened.  In October 2001, the trial court signed a final
judgment in favor of Royal ISD, the Drainage District, and Waller County.  The
property was sold in a tax sale on June 3, 2003, resulting in excess proceeds
in the amount of $23,474.24.  The excess proceeds were deposited with the
district clerk=s office, and Waller County sent a notice of excess
proceeds to both MFNI and Phillips.  Ragsdale, on behalf of MFNI, acknowledged
in writing his receipt of Waller County=s notice of the
excess proceeds.    

On June 2, 2005, Ragsdale filed a motion to withdraw the
excess proceeds in the underlying tax suit.  Ragsdale filed the motion to withdraw the funds
pursuant to section 34.04 of the Tax Code.  Section 34.04 provides in part that
Aa person . . . may file a petition in
the court that ordered the . . . sale setting forth a claim to . . . excess
proceeds.  The petition must be filed before the second anniversary of the date
of the sale of the property.@  Tex. Tax Code ' 34.04(a).  Ragsdale filed his motion
claiming right to the excess proceeds one day before the two-year deadline.  However, he failed
to set the motion for a hearing and failed to obtain a ruling or order on the
motion.  








Four months later, on October 13, 2005, the district clerk
disbursed the excess funds to Royal ISD in the amount of $21,831.04 and to the
Drainage District in the amount of $1,643.20.  The district clerk=s disbursement to Royal ISD and the
Drainage District was not at the direction of a court order.  The district
clerk indicates in our supplemental clerk=s record that, sua sponte, it
disbursed the funds pursuant to section 34.03 of the Tax Code.  This particular
section provides that the clerk of the court shall distribute the excess
proceeds from a tax sale to each taxing unit who participated in the sale Aif no claimant establishes entitlement
to the proceeds@ within two years after the date of the tax sale, unless
otherwise ordered by the court.  Id. ' 34.03 (emphasis added).    

On February 1, 2006, Ragsdale filed a second motion to
withdraw the excess proceeds from the district clerk=s office.  The
trial court granted Ragsdale=s second motion to withdraw the funds and,
on February 17, 2006, signed an order titled AConsent Order to
Release Excess Funds@ (AConsent Order@).  The Consent
Order provided that MFNI had a valid interest in the excess proceeds and
authorized the district clerk to immediately release the funds to Ragsdale. 
Because the district clerk had previously released the funds to Royal ISD and
the Drainage District, Ragsdale was unable to recover the excess proceeds
directly from the district clerk.  Ragsdale then filed a third motion,
requesting that the trial court either (1) order the district clerk to recover
the excess proceeds from Royal ISD and release the funds to Ragsdale, or (2)
order Royal ISD to release the funds directly to Ragsdsale.  On September 5,
2006, the trial court signed an order directing the district clerk to recover
the funds from Royal ISD and to release them to Ragsdale (ARelease Order 1@).  Still,
Ragsdale was unable to recover the funds.  

On January 22, 2007, Royal ISD filed a motion to dismiss
for lack of jurisdiction.  In its motion to dismiss, Royal ISD argued that the
trial court lacked in rem jurisdiction to issue the Consent Order because the
trial court did not have possession or custody of the funds when the Consent
Order was signed.  On February 9, 2007, the trial court denied Royal ISD=s motion to
dismiss (ADismissal Order@) and signed two
additional orders.  In these additional orders, the trial court ordered Royal
ISD to release the funds directly to Ragsdale (ARelease Order 2@) and denied Royal
ISD=s written
objection to Release Order 2 (AObjection Order@).[2]









Royal ISD filed the instant interlocutory appeal,
challenging the Dismissal Order.  On April 5, 2007, Royal ISD amended its notice
of appeal and added challenges to Release Order 2 and the Objection Order. 
Thus, the challenged orders identified in Royal ISD=s notices of
appeal are the Dismissal Order, Release Order 2, and the Objection Order.[3]   


In one issue and three sub-issues, Royal ISD contends that
the trial court erred in denying its motion to dismiss because: (1) the trial
court lacked in rem jurisdiction to issue the Consent Order; (2) the district
clerk properly disbursed the funds to Royal ISD pursuant to section 34.03 of
the Tax Code; and (3) the trial court=s plenary power
had expired when it issued Release Order 1, Release Order 2, and the Objection
Order.[4] 
Addressing the substantive issues in this case, the parties urge this Court to
reconcile sections 34.03 and 34.04 of the Tax Code.  Section 34.03 provides in part that
the clerk of the court shall distribute excess proceeds from a tax sale to each
taxing unit who participated in the sale if no claimant establishes entitlement
to the proceeds within two years after the date of the tax sale, unless
otherwise ordered by the court.  See Tex. Tax Code ' 34.03. The district clerk disbursed
the funds to the taxing units, Royal ISD and the Drainage District, because no
claimant had established entitlement to the proceeds within two years
after the tax sale.  








However,
section 34.04 provides in part that Aa person . . . may file a petition in
the court that ordered the . . . sale setting forth a claim to . . . excess
proceeds.  The petition must be filed before the second anniversary of the date
of the sale of the property.@  Id. ' 34.04(a).  Ragsdale filed the motion to withdraw the excess
proceeds within the two-year deadline and later, 32 months after the tax sale,
demonstrated to the trial court that he was entitled to the proceeds.  Thus,
the issue presented is one of statutory construction, that is, considering the
fact that Ragsdale filed a petition to withdraw the excess proceeds within two
years after the tax sale in accordance with section 34.04, but did not
establish entitlement within those two years, which Tax Code provision controls
in determining which party is entitled to the excess proceeds?  

II.  JURISDICTION

Before reaching the merits of this particular issue and
other issues raised by the parties, we must inquire into our own jurisdiction.  We conduct this
inquiry sua sponte because jurisdiction is fundamental in nature and may
not be ignored.  K&S Interests, Inc. v. Tex. Am. Bank/Dallas, 749
S.W.2d 887, 890 (Tex. App.CDallas 1988, writ denied).  If the present case is an appeal
over which we have no jurisdiction, the appeal must be dismissed.  See id. 
Our appellate jurisdiction is generally confined to appeals of final judgments,
unless otherwise authorized by statute.  See Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 195 (Tex. 2001) (stating that Athe general rule, with a few mostly
statutory exceptions, is that an appeal may be taken only from a final judgment@). 

A. 
Final Judgment 

The
final judgment in this case was signed in 2001 by the trial court in the
underlying delinquent tax suit; the property was sold thereafter, resulting in
excess proceeds.  The record reflects that no appeal was taken from the 2001
final judgment.  Two years after the final judgment was signed, Ragsdale filed
a motion in the same tax suit claiming right to the excess proceeds that arose
from the tax sale on Phillips=s property.  See Tex. Tax Code ' 34.04(a).  Thereafter, the trial
court ruled on the motion in Ragsdale=s favor.  

In this
appeal, Royal ISD does not challenge the 2001 final judgment.  Instead, Royal
ISD challenges the post-final-judgment proceeding initiated under section 34.04
of the Tax Code and various orders that were signed in that post-final-judgment
proceeding.  Because Royal ISD does not appeal the final judgment, we look to
statutory authority for appellate jurisdiction.  See Lehmann, 39 S.W.3d
at 195 (reasoning that an appeal from an order other than the final judgment
can be made if specifically authorized by statute).








B.
Statutory Authorization 

The
post-final-judgment orders Royal ISD attempts to appeal are the Consent Order,
Release Order 1, Release Order 2, Dismissal Order, and Objection Order.  In
turn, we must determine whether a specific statute authorizes us to invoke our
appellate jurisdiction to review these orders.   

1. 
Consent Order

Section 34.04(a)
authorizes a party, such as Ragsdale, to file a post-final-judgment motion or
petition in the underlying tax suit or in a separate suit to claim excess
proceeds arising from a tax foreclosure sale in a delinquent tax suit.  See
Tex. Tax Code ' 34.04(a); see also Nelson v. Lubbock Cent. Appraisal Dist.,
07-02-0349-CV, 2003 WL 1987959, at *1 n.4 (Tex. App.CAmarillo Apr. 30, 2003, no pet.)
(mem. op.).  Section 34.04(e) further provides that the trial court=s order on the claimant=s petition or motion is appealable. 
Tex. Tax Code ' 34.04(e) (providing that an order granting a claim for excess proceeds
from the sale of property in a delinquent tax suit is appealable). 
Accordingly, section 34.04 authorizes an appeal to this Court from a trial
court=s order on a claimant=s motion seeking to obtain excess
proceeds subsequent to the final judgment and tax foreclosure sale in a
delinquent tax suit.  See id.

a.  Section
34.04 of the Tax Code








 The
appealable order under section 34.04(e) in this case is the Consent Order. 
Before signing the Consent Order, the sole issue remaining before the trial
court was whether the claimant, Ragsdale, or the taxing unit, Royal ISD, was
entitled to the excess proceeds rising from the tax foreclosure sale in the
underlying tax suit.  The Consent Order resolved the dispute over ownership of
the funds and fixed the rights of the parties.  Specifically, the Consent Order
determined that MFNI was entitled to the excess proceeds and authorized the
district clerk to disburse the funds to Ragsdale. Upon signing the Consent
Order, nothing further remained for the trial court to adjudicate.  Having
awarded the precise relief sought by Ragsdale and resolved the sole remaining
issue of entitlement to the proceeds, the Consent Order became an appealable
order under section 34.04(e).

b. 
Perfecting An Appeal On The Consent Order








After
signing the Consent Order, the operative appealable order, Royal ISD was required
to perfect an appeal to invoke our appellate jurisdiction.  The time limits for
perfecting an appeal on the Consent Order began to run from the date the order
was signed.  See Tex. R. Civ. P. 306(a); see also Tex. R. App. P.
26.1.  Royal ISD was required to file a notice of appeal challenging the
Consent Order within thirty days of that date, on or before March 19, 2006.  See
Tex. R. App. P. 25.1(b), (d)(2); Erlewine v. Erlewine, No.
03-06-00308-CV, 2007 WL 2462042, at *1 (Tex. App.CAustin 2007, no pet.) (mem. op.)
(reasoning that a party seeking to perfect an appeal on an appealable order
must do so within 30 days in accordance with rule 26.1).  Neither of the two
notices of appeal filed by Royal ISD challenges the Consent Order.  Because the
record reflects that Royal ISD did not perfect an appeal from the operative
order, and the time limit for doing so has long since expired, Royal ISD has
not invoked our jurisdiction under section 34.04.[5] 
See Tex. R. App. P. 25.1(b), (d)(2); Erlewine, 2007 WL 2462042,
at *1.  Royal ISD  has waived its challenge on the Consent Order.[6] 
See Tex. R. App. P. 33.1(a).

2. 
Dismissal Order, Release Order 2, and the Objection Order   

Royal
ISD alleges in its two notices of appeal that (1) an accelerated appeal of the
Dismissal Order is statutorily authorized by section 51.014(a)(8) of the Civil
Practice and Remedies Code, and (2) the direct appeals of Release Order 2 and
the Objection Order are authorized by statute under section 51.012. 

a.  Civil
Practice and Remedies Code Section 51.014(a)(8)

 Royal
ISD contends that the Dismissal Order is appealable to this Court pursuant to
section 51.014 of the Civil Practice and Remedies Code.  See Tex. Civ.
Prac. & Rem. Code ' 51.014(a)(8) (permitting an appeal from an interlocutory
order of a district court that denies a plea to the jurisdiction by a
governmental unit).  Although section 51.014 authorizes an accelerated appeal
from an interlocutory order, the Dismissal Order, a post-final-judgment order,
is not an interlocutory order as contemplated under section 51.014.  See
Martin v. Tex. Dept. Of Family and Protective Servs., 176 S.W.3d 390,
393-94 (Tex. App.CHouston [1st Dist.] 2004, no pet.) (concluding that an order
granting a plea to the jurisdiction was not appealable on an interlocutory
basis because the order was issued after the final judgment and after the trial
court lost its plenary power).  Royal ISD cites to no authority that permits us
to characterize the Dismissal Order, a post-final-judgment order signed well
after the final judgment and the Consent Order, as an interlocutory order.  We
are not authorized by section 51.014(a)(8) of the Civil Practice and Remedies
Code to review the Dismissal Order, a post-final-judgment order, on an
interlocutory basis. 








b.  Civil
Practice and Remedies Code Section 51.012

Royal
ISD also argues that Release Order 2 and the Objection Order are appealable
under section 51.012 of the Civil Practice and Remedies Code.  We disagree. 
Section 51.012 authorizes an appeal from the final judgment.  See
Tex. Civ. Prac. & Rem. Code ' 51.012.  Neither Release Order 2 nor
the Objection Order is the final judgment in this case.  As mentioned above,
the final judgment was signed in 2001 in the underlying tax suit.  Release
Order 2 and the Objection Order are orders signed by the trial court in the
post-final-judgment proceedings initiated by Ragsdale under section 34.04 of
the Tax Code.  Because Release Order 2 and the Objection Order are not final
judgments, we are not authorized by section 51.012 of the Civil Practice and
Remedies Code to review the orders. 

III. 
CONCLUSION

Having
determined that the challenged orders cannot form the basis of an interlocutory
or direct appeal to this Court, we do not reach the merits and dismiss the
appeal for want of jurisdiction.[7]

 

/s/      Adele Hedges

Chief Justice                             

Judgment rendered and Opinion filed
November 25, 2008.

Panel consists of Chief Justice
Hedges and Justices Brown and Boyce.









[1]  At the time, MFNI was a debtor in an open Chapter 7
bankruptcy proceeding.  Appellee, John W. Ragsdale, served as trustee to MFNI=s bankruptcy estate and therefore acted on behalf of
MFNI in the underlying tax suit and continues to do so in this appeal.





[2]  Although the district clerk disbursed a portion of
the excess proceeds to the Drainage District, Ragsdale did not include the
Drainage District in his subsequent motions requesting release of the excess
proceeds.  Additionally, because no appeal has been made against the Drainage
District, it is not a party in this appeal. 





[3]  While the notices of appeal challenge only the
Dismissal Order, Release Order 2, and the Objection Order, Royal ISD, in its
briefing, additionally challenges the Consent Order and Release Order 1. 





[4]  The Texas Association of School Boards Legal
Assistance Fund filed an amicus curiae brief in support of Royal ISD=s section 34.03 and in rem jurisdiction arguments.





[5]  In a recent per curiam opinion, the Texas Supreme
Court held that certain appellants preserved their right to pursue an appellate
challenge to an order granting a special exceptions by challenging that order
in the body of the appellate brief, even though the order was not identified in
the notice of appeal.  See Perry v. Cohen, No. 07-0301, 2008 WL 4891677,
at *1 (Tex. Nov. 14, 2008).  In Cohen, the Texas Supreme Court reasoned
that the appellants could challenge a special exceptions order, despite their
failure to identify the order in the notice of appeal, because the final
judgment, a dismissal order, essentially subsumed the special exceptions order,
and the final judgment was identified in the notice of appeal.  See id. at
*2 (reasoning that reversal on the dismissal order was warranted if the special
exceptions order was improper).  

The circumstances here differ from Cohen
because our appellate jurisdiction is limited by statute.  Section 34.04(e), an
exception to the general rule that only final judgments and orders are
appealable, must be given a strict construction.   See State v. Fiesta Mart,
Inc., 233 S.W.3d 50, 54 (Tex. App.CHouston
[14th Dist.] 2007, pet. denied).  Section 34.04(e) authorizes an appeal to this
Court from only one order: the Consent Order.  Unlike the special exceptions
order in Cohen, the Consent Order is the operative order.  Royal ISD=s failure to identify the operative order in the
notice of appeal deprives us of appellate jurisdiction.

 





[6]  Because Release Order 1 is not the operative
appealable order under section 34.04(e), we are not authorized by this
particular statutory provision to review Release Order 1. Additionally, Royal
ISD, having failed to challenge Release Order 1 in its notices of appeal, did
not perfect an appeal on this order.  See Tex. R. App. P. 33.1(a).





[7]  Appellant also challenges the trial court=s subject matter jurisdiction to sign the Consent
Order.  Generally, subject matter jurisdiction can be raised at any time.  But
it can be raised only before a court with competent jurisdiction.  The unique
posture of this case forecloses Royal ISD=s
challenge.  Our appellate jurisdiction does not attach to Royal ISD=s challenge because it failed to timely appeal the
Consent Order.  We interpret Royal ISD=s
challenge as a collateral attack on the Consent Order.  The Consent Order was
initially subject to a direct attack, but Royal ISD was required to timely file
a motion asserting such jurisdictional challenge, or to make a direct appeal on
the Consent Order.  Because Royal ISD failed to do so, the Consent Order is no
longer subject to a direct attack.  See Kenseth v. Dallas County,
126 S.W.3d 584, 596-97 (Tex. App.CDallas
2004, pet. denied).  A collateral attack is traditionally understood as an
attempt to impeach a judgment and to avoid a judgment=s binding force in a proceeding not instituted for the
purpose for correcting, modifying, or vacating it.  Id. at 596.  A
collateral attack is customarily brought in a separate proceeding.  Id. An
appellant cannot collaterally attack, in the same proceeding, an order that it
failed to timely appeal.  See id. at  597.  Thus, Royal ISD
cannot, in this proceeding, collaterally attack the Consent Order it failed to
timely appeal.  We do not address whether Royal ISD may collaterally attack the
Consent Order in a separate proceeding where a trial court would acquire new
jurisdiction in a separate cause.